# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

Case No. 01-9013-CIV.-RYSKAMP
Magistrate Judge Vitunac

Luz-Carranza, et. al.,
individually and on behalf of
all others similarly situated,

      Plaintiffs,

vs.

Mecca Farms, Inc., et. al.,

      Defendants.

_____/



FILED by _____ D.C.

MAR – 3 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   W.P.B.

## PLAINTIFFS AND DEFENDANT MECCA FARMS, INC.'S
## JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
## AND SUPPORTING MEMORANDUM OF LAW

The Plaintiffs and Defendant Mecca Farms, Inc. ("Mecca") have reached agreement on a proposed settlement of this action and hereby jointly move the Court pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for an Order:

1.   Certifying a Settlement Class as follows: All migrant and seasonal agricultural workers furnished to Mecca Farms, Inc. by M. Sanchez & Son, Inc., Maria T. Sanchez, or Rogerio T. Rodriguez from August 1997 through November 2001, inclusive.

2.   Conditionally approving the proposed settlement as set forth in the Settlement Agreement, a copy of which is attached hereto as Exhibit "F."

3.   Directing the Plaintiff to provide notice to the class members.

4.   Approving the notices to be published in Spanish language publications and on Spanish language radio stations as attached as Exhibits "B-E" (in the English language)

5. Scheduling a hearing on the ___1ˢᵗ___ day of ___April___ 200_3_ to determine whether the settlement should be finally approved by the Court and judgment entered.

In making this Motion, counsel for the respective settlement parties stipulate and represent to the Court:

1.    That the Settlement Agreement was reached through extensive arms-length negotiations between counsel for the Plaintiff and counsel for the Defendant Mecca.

2.    That Plaintiffs' counsel represent that they are experienced in the representation of farmworkers in civil matters and are well qualified to evaluate the fairness of the proposed settlement on behalf of the members of the class.

3.    That the Settlement Agreement is fair, reasonable, and adequate as to the members of the class in light of the total class settlement fund being offered to the class members by the Defendant, as compared to the uncertainties of litigation of these claims, and the significant cost, time, and efforts this litigation would entail on behalf of all parties, regardless of the outcome.

4.    That the Settlement Agreement represents the proposed compromise of disputed claims and in no way constitutes an admission of liability by Defendant Mecca with respect to any of the material allegations of the Complaint and Amended Complaint.  Nor does it constitute an admission by the Plaintiffs that they would not ultimately prevail on the merits should these claims go to trial.

For the reasons stated, we respectfully request that the Settlement Agreement be conditionally approved, the proposed notice be ordered to be published, and the other provisions of this Joint Motion be granted.

## MEMORANDUM OF LAW

### A.    Introduction

To conclude the Settlement outline above as it pertains to the Court contained in this action under the Migrant and Seasonal Agricultural Worker Protection Act, Rule 23(e) of Fed.R.Civ.P. requires that there be notice to the Settlement Class, a fairness hearing, and this Court's approval.  Before scheduling a fairness hearing and ordering notice to the Settlement Class, this Court must be presented with a settlement that warrants implementing Rule 23(e) procedures.  The purpose of obtaining preliminary approval "is to ascertain whether there is any reason to notify the class members of the proposed settlement and proceed with the fairness hearing."  Armstrong v. Bd. of School Directors, 616 F.2d 305, 314 (7th Cir. 1980).

In determining whether to preliminarily approve a class action settlement, the court assesses whether there is "probable cause" to provide notice and hold a fairness hearing.  In re Mid-Atlantic Toyota Antitrust Litig., 564 F.Supp. 1379, 1385 (D.Md. 1983).  An inquiry into the ultimate fairness of the Settlement is not necessary at this point, since there will be a further hearing at which the fairness of the Settlement will be addressed, after notice to the Settlement Class.  Consequently, even if there are aspects of a proposed class action settlement that raise questions, they "should not derail the orderly workings of the settlement process at this point." Id. at 1386.  Preliminary approval should be denied only if there are apparent grounds to doubt the fairness of the settlement, or other "obvious deficiencies," none of which exist here, as discussed below.  Manuel for Complex Litig., §30.41 (3d ed. 1993).  See also H. Newberg, Newberg on Class Actions, §11.25 at 11-37 (3d ed. 1993) (settlement should be preliminarily approved as long as it is within the range of possible judicial approval).

3

**B.**     **The Terms of the Settlement**

Since the filing of the Complaint and Amended Complaint, the Plaintiffs and Defendant Mecca have worked to resolve this matter.  The Settlement Agreement reflects that the Defendant Mecca  has agreed to pay the Plaintiffs and putative Class members,  from August 1997 to November 2001, inclusive the sums designated in the Settlement Agreement.  These amounts were based upon the amount of wages the Plaintiffs and their counsel believed may have been owed to these farmworkers.   In exchange, the Plaintiffs and putative Class members agree to voluntarily waive, release, and forever discharge Defendant Mecca for the claims alleged in the Amended Complaint.  An additional $25,000.00 ("Charity Fund") will be donated to a non-profit social services which assists farmworkers and $200,000.00 will be paid to the Plaintiffs' counsel as attorneys fees and costs.  The agreed upon Charity Fund and Attorney Fee Settlement Amount in this action actually reflect a Joint Settlement Stipulation which encompasses the settlement of a related case, <u>Martinez v. Mecca Farms, Inc</u>. The $200,000.00 Attorney Fee Settlement Amount represents the total sum of the fees in the two cases.

The Settlement, which was reached after extensive arms-length negotiations between counsel with the duty of vigorously representing their clients, clearly meets the standard for preliminary approval.  The dollar amount is, in and of itself, sufficient to meet the low threshold requirement for preliminary approval.  If the Settlement is approved, an excellent result will have been achieved by the Plaintiffs, one that will provide Class members with a substantial recovery.

**C.**     **The Settlement Should be Preliminarily Approved as Fair, Reasonable, and Adequate**

Judicial approval of class action settlements requires a two-step process.  In the first step, the court makes a preliminary decision as to whether the settlement falls "within the range of

4

possible judicial approval." H.Newberg, Newberg on Class Actions, §11.25 at 11-37 (3d ed. 1993). Once the settlement is found to be within the range of possible approval, a final approval hearing is scheduled and notice is provided to the class. Id. The second step involves final determination, following a hearing at which pertinent evidence and any objections by Class members may be considered, whether the settlement is fair, reasonable, and adequate from the standpoint of the class. Id. at §11.41. On the instant Motion, the Court is presented with the initial matter of preliminarily evaluating the Settlement.

In Warren v. City of Tampa, 693 F.Supp. 1051, 1054 (M.D. Fla. 1988), aff'd, 893 F.2d 347 (11th Cir. 1989), the district court described its review of class action settlements as follows:

> The Court initially recognizes the principle that settlements are highly favored in the law. Miller v. Republic Nat'l Life Ins. Co., 559 F.2d 426 (5th Cir. 1977). The Court is required to make a two part determination that: 1) there is no fraud or collusion in reaching settlement, and 2) the settlement is fair, adequate, and reasonable. Accord Benett v. Behring Corp., 737 F.2d 983 (11th Cir. 1984). The evaluation of whether a settlement is fair, reasonable and adequate is committed to the sound discretion of the trial court.

Id. at 987. See also Ex Parte First National Bank of Jasper, 1997 Ala. Lexis 475 at *7-8 (Ala. 1997) (Settlement classes "promote the strong policy favoring settlements.").

In making this determination, the trial court is entitled to rely upon the judgment of experienced counsel for the parties. Behrens v. Wometco, 118 F.R.D. 534,538 (S.D. Fla. 1988), aff'd, 899 F.2d 21 (11th Cir. 1990). Moreover, there is a strong initial presumption that the compromise is fair and reasonable. In re Chicken Antitrust Litig., 560 F.Supp. 998 (N.D. Ga. 1980), aff'd, 669 F.2d 228, 238. Accordingly, courts exercise restraint in examining proposed settlements and recognize that settlements, by definition, are compromises that need not satisfy every concern of the parties but may fall anywhere within a broad range of upper and lower

limits.

In lieu of a more extended inquiry into the claims asserted, courts have concentrated on the negotiating process by which the settlement was reached.  Weinberger v. Kendrick, 698 F.2d 61, 74 (2d Cir. 1982), corrected on other grounds on reh'g, [1982-1983 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶90,074 (2d Cir.), cert. denied, 464 U.S. 818 (1983).  The courts insist that a settlement be the result of "arm's length negotiations" effected by counsel possessing the "experience and ability . . . necessary to effective representation of the class' interests." Weinberger, 698 F.2d at 74 (citation omitted).  Once counsel's experience is established, courts give such counsel's "opinion . . . supporting the settlement . . . 'considerable weight.'" In re Saxon Sec. Litig., [1985-1986 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶92,414 at 92,525 (S.D.N.Y. 1985).  This is done because courts recognize that "the parties' counsel are best able to weigh the relative strengths and weaknesses of their arguments." Id.

As discussed above, the Settlement was reached after extensive arms-length negotiations between counsel.   The negotiations included a mediation session with Judge Gerald Wetherington (retired).   As in the litigation itself, both sides aggressively presented their positions, and the negotiations required continuous efforts over a number of months to bear fruit. There was nothing collusive about any of the settlement negotiations or the ultimate agreement reached.  The Settlement Agreement is fully supported and recommended by counsel for all parties.  There are no terms in the Settlement that militate against preliminary approval.

The Settlement will produce substantial benefits for the Class.  Each class member will receive $5.00 for every day worked during the time period alleged in the lawsuit.   The value is enhanced by the fact that it will be provided to Class members now, without the delay, burden,

and risks of continued litigation.   Once this Court approves the Settlement Agreement, this litigation should be concluded, with the exception of the administration and payment of the settlement claims.

**D.      Conclusion**

For the reasons set forth above, the Plaintiffs and Defendant Mecca jointly respectfully request that this Court grant preliminary approval of the Settlement, preliminarily certify a Settlement Class, and direct that Notice and Settlement Agreement be published in the forms submitted with the Stipulation, in anticipation of a final fairness hearing to be held by the Court, at which time the Court will determine whether the Settlement is fair, reasonable, and adequate, and in the best interests of the putative Class.

Dated this 28th day of February 2003.

Respectfully submitted,

Cathleen D. Caron
Florida Bar No. 0468266
Gregory S. Schell
Florida Bar No. 287199
Lillian Hirales
Florida Bar No.  533777
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, FL 33460
Telephone: (561) 582-3921

7

Facsimile: (561) 582-4884
Email: cathleen@floridalegal.org
Email: greg@floridalegal.org
Email: lillian@floridalegal.org

Attorneys for Plaintiffs


CARLTON FIELDS, P.A.
222 Lakeview Avenue, Suite 1400
West Palm Beach, FL 33401-6149

By:_____
Joseph Ianno, Jr.
Florida Car No. 655351
Email: jianno@carltonfields.com

Henry S. Wulf, Esq.
Florida Bar. No. 0056049
Email: hwulf@carltonfields.com

Attorneys for Mecca Farms


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been hand

delivered to Don R. Boswell, Esq., Akers & Boswell, P.A., 2875 South Ocean Boulevard, Suite

200, Palm Beach, Florida, 33480, on the 3rd day of March, 2003.

_____
Cathleen Caron

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

Case No. 01-9013-CIV.-RYSKAMP
Magistrate Judge Vitunac

Luz-Carranza, <u>et</u>. <u>al</u>.,
individually and on behalf of
all others similarly situated,

      Plaintiffs,

vs.

Mecca Farms, Inc., <u>et</u>. <u>al</u>.,

      Defendants.
_____/

<u>SUMMARY NOTICE OF PENDENCY OF ACTION,</u>
<u>CLASS ACTION NOTICE, PROPOSED SETTLEMENT OF CLASS ACTION,</u>
<u>AND SETTLEMENT HEARING</u>

<u>ATTENTION</u>:   ALL PERSONS WHO HAVE WORKED WITH THE FARM
LABOR CONTRACTORS ROY RODRIGUEZ, MARIA SANCHEZ, OR M.
SANCHEZ & SON, INC.   PLANTING, CULTIVATING, OR HARVESTING
VEGETABLES BETWEEN AUGUST 1, 1997 AND NOVEMBER 19, 2001.

1.   <u>What is this Notice about</u>?

This Notice is an official court notice to let you know about a "class action" lawsuit in which you may be a class member if you have worked in the agricultural operations of Mecca Farms, Inc. with the contractors Roy Rodriguez, Maria Sanchez, or M. Sanchez & Son, Inc. between August 1, 1997 and November 19, 2001.  It also describes a proposed settlement of the lawsuit and how you may claim your share of the settlement. If you do not think the settlement is fair, you can object, and this Notice will tell you how to make such an objection. Finally, it also informs you of your rights if you do not want to be a member of the class.

2.   <u>What is this "class action" lawsuit</u>?

A "class action lawsuit" is a lawsuit in which a few people represent a large group of

1

people. They do that in an effort to resolve the similar legal claims of all the members of the group at one time.  Here, 8 workers (Delma Luz Carranza, Francelia Hernandez, Virginia Perez, Carlos Ramos, Adolfo Perez, Gloria Roblero, David Matias, and Rafael Gonzalez), have petitioned the court to represent "migrant and seasonal agricultural workers furnished to Mecca Farms, Inc. by M. Sanchez & Son, Inc., Maria T. Sanchez, or Rogerio T. Rodriguez from August 1997 through November 2001, inclusive."

3.  What is the lawsuit about?

The 8 workers who filed the lawsuit alleged that Mecca Farms, Inc. with the farm labor contractors Roy Rodriguez, Maria Sanchez, and M. Sanchez & Son, Inc. violated certain provisions of the federal Migrant and Seasonal Agricultural Worker Protection Act and the Fair Labor Standards Act.  The lawsuit alleged that Mecca and the contractors failed to pay the workers the minimum wage ($5.15) for all the hours worked by, among other things, failing to pay for all the buckets of produce picked and making unlawful deductions from the workers pay from August 1997 through November 2001.  In addition, the suit alleges that Mecca and the contractors failed to maintain accurate payroll records and did not provide the workers with correct information on their wage statements. The Court has not decided whether the workers are correct on these claims. Mecca and the contractors deny any liability for these claims and any wrongdoing.

4.  What is the status of the lawsuit?

After negotiating, the workers, Mecca Farms, Inc., Roy Rodriguez, Maria Sanchez, and M. Sanchez & Son, Inc. agreed to a proposed settlement of the lawsuit.  **Your rights could be affected by this settlement so you should read this Notice carefully to decide whether you want to be part of the class and you think the settlement is fair**.

5. Class Certified for Purposes of Settlement Only
Solely for the purposes of this settlement, Mecca and the contractors have consented to the certification of the class, as defined above.  This means that the 8 workers that brought the suit are representing, in the settlement agreement, the interests of thousands of workers who worked on Mecca Farms' operations with crews headed by Roy Rodriguez, Maria Sanchez, and M. Sanchez & Son, Inc. between August 1997 and November 2001.

6.  What are the terms of the proposed settlement?

If the Court approves the settlement that has been proposed, workers who file claims will share in an Unlimited Joint Class Settlement fund.  The fund is a joint fund because there is another class action lawsuit being settled against Mecca Farms and the contractors who furnish workers to its packing house operations.

7.  What will workers get under the settlement?

All workers who were employed by Roy Rodriguez, Maria Sanchez, or M. Sanchez &

Son, Inc., to work on the agricultural operations of Mecca between August 1997 through November 2001 will be eligible to share in the settlement fund. Each eligible worker will receive $5.00 per day for work in the fields.  If there is verifiable proof that the social security (FICA) taxes were paid for every day worked, the claimant will receive 50% less per day than otherwise provided for.  The worker will also have provide identification and proof of employment with the Defendants.

8.  Who else gets money from the settlement?
In addition, Twenty Five Thousand Dollars ($25,000.00) will be donated to one or more non-profit social service agencies which serve farmworkers in Martin County or Palm Beach County.  Mecca Farms is also paying the Florida Legal Services Migrant Farmworker Justice Project, the lawyers for the workers in this case an additional $200,000.00 to pay the costs and fees they incurred to bring the two cases (for the field workers and the packing house workers).  The $200,000.00 is separate from and in addition to what the workers will receive.

9.  What are my rights as a member of the "class"?
As a member of the class, you have the right to receive money from the settlement.  By receiving the money you are also giving up your rights to bring a separate claim against Mecca Farms, Inc., Roy Rodriguez, Maria Sanchez, or M. Sanchez & Son, Inc. for having violated the specific rights which are alleged in the lawsuit during the time period of August 1997 through November 2001.

10.  How do I make a claim as a class member?

**TO CLAIM YOUR CLASS MONEY YOU MUST:**

**FILL OUT A CLAIM FORM BEFORE FEBRUARY 1, 2004.  TO OBTAIN A CLAIM FORM CALL FLORIDA LEGAL SERVICES FARMWORKER JUSTICE PROJECT AT 1-800-277-7447 OR GO TO ITS OFFICE AT 508 LUCERNE AVENUE, LAKE WORTH, FLORIDA 33460 MONDAY THROUGH FRIDAY BETWEEN 8:30 AM AND 5:00 PM.**

If you fail to make a claim and you do not "opt-out" as described in paragraph 11, you are giving up your rights to ever bring an action against Mecca Farms, Inc., Roy Rodriguez, Maria Sanchez, or M. Sanchez & Son, Inc. for the claims alleged in the lawsuit.

11. How do I opt-out of this class action?
If you do NOT want to participate in the class action, you have the right to be excluded from the class and not receive any money from the settlement.  If you choose to be excluded from the class, you will NEVER be able to make any claim for this settlement money; however, you may have the right to bring your own lawsuit against Mecca Farms, Inc., Roy Rodriguez, Maria Sanchez, or M. Sanchez & Son, Inc. within the time period allowed under the law for the claims alleged in the lawsuit. **You must opt-out before**

**July 1, 2003.**  If you fail to opt-out by July 1, 2003, you are giving up your right to be excluded from the class, which means that you can not bring a separate  law suit for the same claims alleged in the current law suit for the time period of August 1997 through November 2001.  If you fail to opt-out you will be bound by the settlement agreement and are eligible to file a claim for the settlement money.  To be excluded from the class action you must call the Florida Legal Services Farmworker Justice Project at 1-800-277-7447 or go to its office at 508 Lucerne Avenue, Lake Worth, Florida 33460 Monday through Friday between 8:30 PM and 5:00 PM to fill out a form stating your desire to be excluded from the class.  If you choose to "opt-out" of the class action, you should consult a lawyer as to your rights.

12. <u>What if I think the settlement agreement is unfair</u>?
There will be a hearing before Judge Kenneth Ryskamp at_____on_____ , 2003, at the United States Courthouse, 701 Clematis Street, West Palm Beach, Florida  33401 to decide whether the settlement is fair, reasonable and adequate.  If you want to object to the settlement you must file your objection with the Clerk of the Court before_____, 2003.  If you do write the Clerk, at the United States Courthouse, 701 Clematis Street, West Palm Beach, Florida  33401, you should include in your letter the name of the case (<u>Carranza v. Mecca Farms, Inc.</u>) and the case number (01-9013). You must also send a copy of your objections to Henry Wulf, Esq., Carlton Fields, 222 Lakeview Avenue, Suite 1400, West Palm Beach, FL 33401, one of the attorneys for Mecca.  This hearing will be your only opportunity to object to the terms of the settlement.

**You do <u>not</u> have to be present at the hearing to receive your class share of the settlement money.  If you fill out the form claiming your share of the settlement, you will receive your class share, provided the settlement is approved.**

13. <u>For further information</u>:
If you have questions about the settlement, need help understanding this Notice, or wish to obtain a complete copy of the Settlement Agreement you can contact the lawyers for the workers who brought the lawsuit by writing or calling:

> **Florida Legal Services**
> **Migrant Farmworker Justice Project**
> **508 Lucerne Avenue**
> **Lake Worth, FL 33460**
> **Telephone: 1-800-277-7447**

**DO <u>NOT</u> CALL THE COURT OR THE CLERK OF THE COURT**

4

**EXHIBIT C**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.01-9096-Civ. Middlebrooks/Bandstra

Carmelina Martinez, et al.,
individually and on behalf of
all others similarly situated,

      Plaintiffs,

vs.

Mecca Farms, Inc., et al.,

      Defendants.

_____/

### SUMMARY NOTICE OF PENDENCY OF ACTION,
### CLASS ACTION DETERMINATION AND NOTICE,
### PROPOSED SETTLEMENT OF CLASS ACTION, AND  SETTLEMENT HEARING

**ATTENTION:  ALL PERSONS WHO HAVE WORKED FOR MARIA MEDRANO OR CANDIDO MUNOZ IN PACKING HOUSES IN LANTANA, FLORIDA PACKING VEGETABLES BETWEEN OCTOBER 1, 1996 AND MARCH 1, 2002.**

1.  What is this Notice about?

This Notice is an official court notice to let you know about a "class action" lawsuit in which you may be a class member if you have worked in packing houses in Lantana, Florida for Maria Medrano or Candido Munoz packing vegetables between October 1, 1996 and March 1, 2002.  It also describes a proposed settlement of the lawsuit and how you may claim your share of the settlement. If you do not think the settlement is fair, you can object, and this Notice will tell you how to make such an objection. Finally, it also informs you of your rights if you do not want to be a member of the class.

2.  What is this "class action" lawsuit?

A "class action lawsuit" is a lawsuit in which a few people represent a large group of people.  They do that in an effort to resolve the similar legal claims of all the members of the group at one time. Here, the court has granted permission to 4 workers (Carmelina Martinez, Maria Ester Escobar

Torres, Maria Jose Alarcon, and Luis Roca), to represent two classes consisting of "all migrant agricultural workers employed or jointly employed by Defendant Mecca Farms, Inc., in Mecca Farms' tomato packing house from October 1996 through March 2002, inclusive" and "all migrant agricultural workers employed or jointly employed by Defendant Mecca Farms, Inc., in Mecca Farms' pepper packing house from October 1996 through March 2002, inclusive."

3. What is the lawsuit about?

The 4 workers who filed the lawsuit alleged that Mecca Farms, Inc. with the farm labor contractors Maria Medrano, Medrano Harvesting & Packing, Inc., Candido Munoz, A-Z Grading & Packing, Inc., Candido Packing, Inc., and Candido Munoz, Inc. violated certain provisions of the federal Migrant and Seasonal Agricultural Worker Protection Act and the Fair Labor Standards Act. The lawsuit alleged that Mecca and the contractors failed to pay the workers the minimum wage ($5.15 and hour) for all the hours worked and overtime wages for the hours worked over forty hours in a work week from October 1996 through March 2002. In addition, the suit alleges that Mecca and the contractors failed to maintain accurate payroll records and did not provide the workers with correct information on their wage statements. The Court has not decided whether the workers are correct on these claims. Mecca and the contractors deny any liability for these claims and any wrongdoing.

4. What is the status of the lawsuit?

After negotiating, the workers, Mecca Farms, Inc., Maria Medrano, Medrano Harvesting & Packing, Inc., Candido Munoz, A-Z Grading & Packing, Inc., Candido Packing, Inc., and Candido Munoz, Inc. agreed to a proposed settlement of the lawsuit. **Your rights could be affected by this settlement so you should read this Notice carefully to decide whether you want to be part of the class and you think the settlement is fair.**

5. What are the terms of the proposed settlement?

If the Court approves the settlement that has been proposed, workers who file claims will share in an Unlimited Joint Class Settlement fund. The fund is a joint fund because there is another class action lawsuit being settled against Mecca Farms for the workers who cultivated and harvested vegetables on Mecca's operations with the contractors Roy Rodriguez, Maria Sanchez, and M. Sanchez & Son, Inc. between August 1, 1997 and November 19, 2001.

6. What will workers get under the settlement?

All workers who were employed by Maria Medrano, Medrano Harvesting & Packing, Inc., Candido Munoz, A-Z Grading & Packing, Inc., Candido Packing, Inc., or Candido Munoz, Inc. to work in Mecca Farms' packing houses between August 1997 and March 2002 may be eligible to share in the settlement fund. Each eligible worker will receive $4.00 per day for work in the Tomato Packing House and $3.00 per day for work in the Pepper Packing House. If there is verifiable proof that the social security (FICA) taxes were paid for every day worked, the claimant will receive 50% less per day than otherwise provided for. The worker will also have provide identification and proof of employment with the Defendants.

7. <u>Who else gets money from the settlement</u>?

In addition, Twenty Five Thousand Dollars ($25,000.00) will be donated to one or more non-profit social service agencies which serve farmworkers in Martin County or Palm Beach County. Mecca Farms is also paying the Florida Legal Services Migrant Farmworker Justice Project, the lawyers for the workers in this case an additional $200,000.00 to pay the costs and fees they incurred to bring the two cases (for the field workers and the packing house workers). The $200,000.00 is separate from and in addition to what the workers will receive.

8. <u>What are my rights as a member of the "class"</u>?

As a member of the class, you are eligible to receive money from the settlement. By receiving the money you are also giving up your rights to bring a separate claim against Mecca Farms, Inc., Maria Medrano, Medrano Harvesting & Packing, Inc., Candido Munoz, A-Z Grading & Packing, Inc., Candido Packing, Inc., or Candido Munoz, Inc. for having violated the specific laws which are alleged in the lawsuit during the time period from October 1996 through March 2002.

9. <u>How do I make a claim as a class member</u>?

**TO CLAIM YOUR CLASS MONEY YOU MUST:**

**FILL OUT A CLAIM FORM BEFORE FEBRUARY 1, 2004. TO OBTAIN A CLAIM FORM CALL FLORIDA LEGAL SERVICES FARMWORKER JUSTICE PROJECT AT 1-800-277-7447 OR GO TO ITS OFFICE AT 508 LUCERNE AVENUE, LAKE WORTH, FLORIDA 33460 MONDAY THROUGH FRIDAY BETWEEN 8:30 AM AND 5:00 PM.**

If you fail to make a claim and you do not "opt-out" as described in paragraph 10, you are giving up your rights to ever bring an action against Mecca Farms, Inc., Maria Medrano, Medrano Harvesting & Packing, Inc., Candido Munoz, A-Z Grading & Packing, Inc., Candido Packing, Inc., or Candido Munoz, Inc. for the claims alleged in the lawsuit which occurred between October 1996 through March 2002.

10. <u>How do I opt-out of this class action</u>?
If you do NOT want to participate in the class action, you have the right to be excluded from the class and not receive any money from the settlement. If you choose to be excluded from the class, you will NEVER be able to make any claim for this settlement money; however, you may have the right to bring your own lawsuit against Mecca Farms, Inc., Maria Medrano, Medrano Harvesting & Packing, Inc., Candido Munoz, A-Z Grading & Packing, Inc., Candido Packing, Inc., or Candido Munoz, Inc. within the time period allowed under the law for the claims alleged in the lawsuit. **If you decide to opt-out, you must do so before July 1, 2003.** If you fail to opt-out by July 1, 2003, you are giving up your right to be excluded from the class, which means that you can not bring a separate law suit for the same claims alleged in the current law suit for the time period of October 1996 through March 2002. If you fail to opt-out you will be bound by the settlement agreement and are eligible to file a claim for the settlement money. To be excluded from the class action you must call the Florida Legal Services Farmworker Justice Project at 1-800-277-7447 or go to its office at

508 Lucerne Avenue, Lake Worth, Florida 33460 Monday through Friday between 8:30 PM and 5:00 PM to fill out a form stating your desire to be excluded from the class. If you choose to "opt-out" of the class action, you should consult a lawyer as to your rights.

11. <u>What if I think the settlement agreement is unfair</u>?
There will be a hearing before Judge Donald Middlebrooks at_____on_____ , 2003, at the United States Courthouse, 701 Clematis Street, West Palm Beach, Florida 33401 to decide whether the settlement is fair, reasonable and adequate. If you want to object to the settlement you must file your objection with the Clerk of the Court before_____, 2003. If you do write the Clerk at the United States Courthouse, 701 Clematis Street, West Palm Beach, Florida 33401, you should include in your letter the name of the case (<u>Martinez v. Mecca Farms, Inc.</u>) and the case number (01-9096). You must also send a copy of your objections to Henry Wulf, Esq., Carlton Fields, 222 Lakeview Avenue, Suite 1400, West Palm Beach, FL 33401, one of the attorneys for Mecca. This hearing will be your only opportunity to object to the terms of the settlement.

**You do <u>not</u> have to be present at the hearing to receive your class share of the settlement money. If you fill out the form claiming your share of the settlement, you will receive your class share, provided the settlement is approved.**

12. <u>For further information</u>:
If you have questions about the settlement, need help understanding this Notice, or wish to obtain a complete copy of the Settlement Agreement you can contact the lawyers for the workers who brought the lawsuit by writing or calling:
> **Florida Legal Services**
> **Migrant Farmworker Justice Project**
> **508 Lucerne Avenue**
> **Lake Worth, FL 33460**
> **Telephone: 1-800-277-7447**

**DO <u>NOT</u> CALL THE COURT OR THE CLERK OF THE COURT**

**EXHIBIT D**

FIELD CLASS RADIO NOTICE - <u>Carranza v. Mecca Farms, Inc</u>

Attention all persons who have worked in the fields with the contractors Roy Rodriguez, Maria Sanchez, or M. Sanchez & Son, Inc..  If you worked cultivating and harvesting vegetables between 1997 and 2001 you may be eligible to claim money in a lawsuit filed against the contractors and the farm.

In the lawsuit, the workers are claiming that they were not paid the minimum wage because, among other things, they were not paid for all the buckets of produce they picked and were subject to unlawful deductions.

If you want to claim money from this case against Roy Rodriguez, Maria Sanchez, and the farm where they worked, call Florida Legal Services at 1-800-277-7447 or go to its office at 508 Lucerne Avenue, Lake Worth, Florida.  You should also contact Florida Legal Services at 1-800-277-7447 if you want to know more about the settlement or do not want to be part of the case. The call, 1-800-277-7447, is toll free.

**EXHIBIT E**

PACKING HOUSE CLASS RADIO NOTICE - Martinez v. Mecca Farms, Inc.

Attention all persons who have worked for Maria Medrano and Candido Munoz in packing houses in Lantana, Florida between 1997 and 2002; you may be eligible to claim money in a lawsuit filed against the company.  The packing house workers are claiming that they were not paid for all the hours worked or for overtime pay.

If you want to claim money from this case against Maria Medrano and Candido Munoz for packing vegetables at packing houses in Lantana, Florida, call Florida Legal Services at 1-800-277-7447 or go to its office at 508 Lucerne Avenue, Lake Worth, Florida.  You should also contact Florida Legal Services at 1-800-277-7447 if you want to know more about the settlement or do not want to be part of the case. The call, 1-800-277-7447, is toll free.

EXHIBIT "F"

## STIPULATION OF PROPOSED JOINT SETTLEMENT AGREEMENT IN DELMA LUZ CARRANZA, ET AL. V. MECCA FARMS, INC. ET AL. AND CARMELINA MARTINEZ, ET AL. V. MECCA FARMS, INC. ET AL.,

**WHEREAS**, Delma Luz Carranza, Francelia Hernandez, Virginia Perez, Carlos Ramos, Adolfo Perez, Gloria Roblero, David Matias and Rafael Gonzalez (hereinafter "Field Class Representatives"), on behalf of themselves and other similarly situated, have presented claims in the matter more generally known as Delma Luz Carranza, et al. v. Mecca Farms, Inc. et al., United States District Court, Southern District of Florida, Case No. 01-9013-CIV-RYSKAMP (the "Field Case"), against Mecca Farms, Inc. ("Mecca Farms"), and M. Sanchez & Son, Inc., Maria T. Sanchez, and Rogerio T. Rodriguez (collectively, the "Field FLC Defendants"), alleging violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801-1872 (1999) ("AWPA"), arising from work performed on property owned or controlled by Mecca Farms during the 1997-98, 1998-99, 1999-2000, 2000-01, and 2001-02 South Florida vegetable harvest seasons.

**WHEREAS**, the Field Class Representatives, on behalf of themselves alone, have presented claims in the Field Case against Mecca Farms and the Field FLC Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (1998) ("FLSA"), arising from work performed on property owned or controlled by Mecca Farms during the 1997-98, 1998-99, 1999-2000, 2000-01, and 2001-02 South Florida vegetable harvest seasons.

**WHEREAS**, Gloria Roblero, David Matias and Rafael Gonzalez (the "Field Accident Plaintiffs"), on behalf of themselves alone, have presented claims in the Field Case against Mecca Farms and the Field FLC Defendants alleging violations under AWPA arising from an accident on April 25, 2001.

**WHEREAS**, Carmelina Martinez, Jorgelia Velasquez, Maria Ester Escobar Torres, Maria

Jose Alarcon, and Luis Roca (hereinafter the "Packing House Class Representatives"), on behalf of themselves and others similarly situated, have presented claims in the matter more generally known as <u>Carmelina Martinez, et al. v. Mecca Farms, Inc. et al.</u>, United States District Court, Southern District of Florida, Case No. 01-9096-CIV-MIDDLEBROOKS (the "Packing House Case"), against Mecca Farms and Medrano Harvesting & Packing, Inc., Maria Medrano, Candido Munoz, Inc., A-Z Grading & Packing, Inc., Candido Packing, Inc. and Candido Munoz (collectively, the "Packing House FLC Defendants"), alleging violations of the AWPA arising from work performed at the tomato and pepper packing houses owned by Mecca Farms during the 1996-97, 1997-98, 1998-1999, 1999-2000, 2000-01 and 2001-02 South Florida vegetable harvest seasons.

**WHEREAS**, the Packing House Class Representatives, on behalf of themselves alone, have presented claims in the Packing House Case against Mecca Farms and the Packing House FLC Defendants alleging violations of the FLSA arising from arising from work performed at the tomato and pepper packing houses owned by Mecca Farms during the 1996-97, 1997-98, 1998-1999, 1999-2000 , 2000-01 and 2001-02 South Florida vegetable harvest seasons.

**WHEREAS**, Mecca Farms, by its Answers and in other pleadings, denies and continues to deny all allegations that: (1) the AWPA or FLSA rights of the Field Class Representatives, the Field Accident Plaintiffs, the Packing House Representatives, the Field Class Members, or the Packing House Class Members were breached by the Field FLC Defendants or the Packing House FLC Defendants, (2) Mecca Farms was an employer or joint employer of the Field Class Representatives, the Field Accident Plaintiffs, the Packing House Representatives, the Field Class Members, or the Packing House Class Members alone or with any other entity or individual, (3) Mecca Farms was responsible or liable for any actions of the Field FLC Defendants or the Packing House FLC Defendants, and (4) that some or all of the claims raised in the Field Case and Packing House Case

were filed within the applicable statute of limitations period.

**WHEREAS**, from December, 2001 to the present, the Field Class Representatives, the Field Accident Plaintiffs, and the Packing House Representatives, through Class Counsel, have conducted a thorough investigation of the facts relating to the allegations made in the Complaints in the Field Case and the Packing House Case; engaged in extensive document and written discovery from Defendants, inspection of publicly available documents from other cases, and the taking or oral depositions; and conducted statistical and damage analyses.

**WHEREAS**, the Field Class Representatives have sought to certify a class in the Field Case which, for the purposes of this Agreement only, Mecca Farms is willing to stipulate to those individuals being certified as a class.  The Field Class Representatives have sought to certify a class consisting of:

> All migrant and seasonal agricultural workers furnished to Mecca Farms, Inc. by M. Sanchez & Son, Inc., Maria T. Sanchez, or Rogerio T. Rodriguez from August 1997 through November 2001, inclusive.

**WHEREAS**, the Court in the Packing House Case, on or about November 25, 2002, entered the Order Granting Plaintiffs' Motion for Class Certification and certified two classes consisting of:

> All migrant agricultural workers employed or jointly employed by Defendants Mecca Farms, Inc. in Mecca Farms' tomato packing house from October 1996 through March 2002, inclusive.

> -and-

> All migrant agricultural workers employed or jointly employed by Defendants Mecca Farms, Inc. in Mecca Farms' pepper packing house from October 1996 through March 2002, inclusive.

**WHEREAS**, the Field Class Representatives, Field Accident Plaintiffs, and Mecca Farms have considered the expense and length of time necessary to prosecute the Field Case (including trial and potential time-consuming appeals), the uncertainties of the outcome of complex litigation, and

the substantial benefit provided by this Agreement to the Field Class Representatives, the Field Class Members and the Field Accident Plaintiffs.

**WHEREAS**, the Packing House Class Representatives, and Mecca Farms have considered the expense and length of time necessary to prosecute the Packing House Case (including trial and potential time-consuming appeals), the uncertainties of the outcome of complex litigation, and the substantial benefit provided by this Agreement to the Packing House Class Representatives and the Packing House Class Members.

**WHEREAS**, after extensive negotiations between and among the Parties and counsel, with the help of a skilled mediator, and based upon Class Counsel's full review of the materials and information compiled in this case, the Field Class Representatives, the Field Accident Plaintiffs, and their counsel have concluded, in light of, among other things, governing law, the facts of this case, and the mediator's evaluations and recommendations, that the Agreement provided for herein is fair, reasonable, and adequate and in the best interests of the Field Class Representatives, the Field Accident Plaintiffs and the Field Class Members, especially given the risks and uncertainties of protracted litigation.

**WHEREAS**, after extensive negotiations between and among the Parties and counsel, with the help of a skilled mediator, and based upon Class Counsel's full review of the materials and information compiled in this case, the Packing House Field Class Representatives and their counsel have concluded, in light of, among other things, governing law, the facts of this case, and the mediator's evaluations and recommendations, that the Agreement provided for herein is fair, reasonable, and adequate and in the best interests of the Packing House Class Representatives and the Packing House Class Members, especially given the risks and uncertainties of protracted litigation.

**WHEREAS**, the Court in the Field Case and the Court in the Packing House Case have not ruled on any of the substantive contentions of the parties regarding liability or expressed any opinion thereto.

**NOW, THEREFORE**, it is stipulated and agreed by and among the Field Class Representatives, the Field Accident Plaintiffs, the Packing House Class Representatives, and Mecca Farms that the Field Case and the Packing House Case shall be settled and compromised, subject to Court approval, upon the terms and conditions set forth in this Stipulation of Proposed Joint Settlement Agreement (the "Agreement").

## I. JURISDICTION AND GOVERNING LAW

The Parties to this Agreement agree that the Court has jurisdiction over the Parties, including the Field Class Members and the Packing House Class Members, and the subject matter of the Field Case and the Packing House Case, that venue is proper in this district, and that any proceeding with respect to the Agreement or its enforcement must be raised in the same Court. The Parties further agree that the interpretation and enforcement of this Agreement shall be governed by the laws of the State of Florida.

## II. NO ADMISSION OF LIABILITY

Mecca Farms, vigorously denies liability in the Field Case and the Packing House Case. Mecca Farms has denied and continues to deny any legal liability arising out of any of the claims in the Field Case and the Packing House Case, strongly believes that all of their defenses in those actions are valid, expressly denies having engaged in any wrongful or illegal activity, and expressly denies that any joint employment relationship existed between Mecca Farms and the Field FLC Defendants, the Packing House FLC Defendants, the Field Class Representatives, the Field Accident

Plaintiffs, the Field Class Members, the Packing House Class Representatives or the Packing House Class Members. The Court has made no findings that Mecca Farms violated AWPA or FLSA, or of any other federal, state, or local law, regulation, order, or rule regarding employment activities. Mecca Farms believes that it would prevail if the lawsuits were ultimately tried. In recognition, however, of the risk, cost, and inconvenience involved in defending protracted litigation of this sort, Mecca Farms agreed to the terms of the Agreement solely as a matter of business judgment in order to obtain a quick and efficient resolution of this dispute, and to permit Mecca Farms to continue operation of its business unhindered by the further distractions and diversion of personnel that this action would cause.

Mecca Farms, therefore, specifically relies on the provisions in this document that neither this Agreement, the negotiations and discussions relating hereto, nor any act performed or document prepared pursuant to or in furtherance of this Agreement, shall be construed as, deemed to be, or used as an admission or concession of any fault, liability, wrongdoing, or damages, that the claims of the Field Class Representatives, Field Accident Plaintiffs, Field Class Members, Packing House Class Representatives and Packing House Class Members have any validity or that Mecca Farms is a joint employer of or with the Field FLC Defendants, Packing House FLC Defendants, the Field Class Representatives, the Field Accident Plaintiffs, the Field Class Members, the Packing House Class Representatives or the Packing House Class Members. Other than such proceedings as may be necessary to consummate or enforce this Agreement, no evidence of this Agreement or any of the acts released as a consequence of this Agreement shall be offered or admitted or otherwise used for any purpose in this or any other proceeding, provided that this Agreement and the Final Judgment and related Exhibits may be filed and used in any action brought against any of the Released Persons to support a defense, claim, or counterclaim of the Released Persons of res judicata, collateral

estoppel, issue preclusion, or the like based on this Agreement.

## III. DEFINITIONS

As used herein, the following terms shall have the following meanings:

A.      The term "Agreement" shall refer to this Stipulation of Proposed Joint Settlement Agreement in its entirety, including whereas clauses and headings and including all the Exhibits annexed hereto.

B.      The term "Court" shall refer to the respective divisions and judges of the United States District Court, Southern District of Florida which has jurisdiction over the Field Case and the Packing House Case.

C.      The term "Fairness Hearing" shall refer to the hearing to be held by the Court to consider approval of this Agreement pursuant to Federal Rule of Civil Procedure 23(e).

D.      The term "Field Accident Plaintiffs" shall refer to Gloria Roblero, David Matias and Rafael Gonzalez.

E.      The term "Field Case" shall refer to the lawsuit more generally known as <u>Delma Luz Carranza, et al. v. Mecca Farms, Inc. et al.</u>, United States District Court, Southern District of Florida, Case No. 01-9013-CIV-RYSKAMP.

F.      The term the "Field Class Members" shall refer to those persons who are members of the Field Settlement Class.

G.      The term "Field Class Representatives" shall refer to Delma Luz Carranza, Francelia Hernandez, Virginia Perez, Carlos Ramos, Adolfo Perez, Gloria Roblero, David Matias and Rafael Gonzalez.

H.      The term "Field FLC Defendants" shall refer to M. Sanchez & Son, Inc., Maria T. Sanchez and Rogerio T. Rodriguez.

I.      The term "Field Settlement Class" shall refer to all individuals who fall within the criteria set forth in Section V(E)(1).

J.      The term "Legal Services" or "Class Counsel" shall refer to the Florida Legal Services, Inc. Migrant Farmworker Justice Project, the attorneys for the Plaintiffs in both <u>Delma Luz Carranza, et al. v. Mecca Farms, Inc. et al.</u> and <u>Carmelina Martinez, et al. v. Mecca Farms, Inc. et al.</u>.

K.      The term "Amended Complaints" refer to the Amended Complaints filed in the Field Case and the Packing House Case.

L.      The term "Packing House Case" shall refer to the lawsuit more generally known as <u>Carmelina Martinez, et al. v. Mecca Farms, Inc. et al.</u>, United States District Court, Southern District of Florida, Case No. 01-9096-CIV-MIDDLEBROOKS.

M.    The term "Packing House Class Members" shall refer to those persons who are members of the Packing House Settlement Class, as certified by the Court in Carmelina Martinez, et al. v. Mecca Farms, Inc. et al.

N.    The term "Packing House Class Representatives" shall refer to Carmelina Martinez, Jorgelia Velasquez, Maria Ester Escobar Torres, Maria Jose Alarcon, and Luis Roca.

O.    The term "Packing House FLC Defendants" shall refer to Medrano Harvesting & Packing, Inc., Maria Medrano, Candido Munoz, Inc., A-Z Grading & Packing, Inc., Candido Packing, Inc. and Candido Munoz.

P.    The term "Packing House Settlement Class" shall refer to all individuals who fall within the criteria set forth in Section V(E)(2).

Q.    The term "Parties" shall refer to the Field Class Representatives, the Field Accident Plaintiffs, the Packing House Class Representatives, and Mecca Farms collectively.

R.    The term "Preliminary Approval Date" is the date on which the Court enters its order granting its preliminary approval of the settlement and authorizes notice of the proposed settlement to be sent to Field Settlement Class or Packing House Settlement Class.

S.    The term "Released Persons" means Mecca Farms and related entities and persons who by this Agreement will be released from any liability, as set forth in Section IV, below.

T.    The term "Settlement Effective Date" shall refer to the date on which the Agreement shall be considered final, which is the first business day on which the Final Judgment and Order entered pursuant to this Agreement has been entered and is in effect and can no longer be withdrawn, rescinded, vacated, reversed, or modified on appeal.

## IV. SCOPE OF SETTLEMENT AND RELEASE OF CLAIMS

The negotiation and entry of this Agreement have been undertaken by the Parties for the purpose of effectuating a full, final, and complete resolution of all AWPA and FLSA claims alleged by the Field Class Representatives, the Field Accident Plaintiffs, the Field Class Members, the Packing House Representatives, and the Packing House Class Members in the Amended Complaints for the time period specified in said Amended Complaints. The Field Class Representatives, the Field Accident Plaintiffs, the Field Class Members, the Packing House Representatives, and the Packing House Class Members hereby release Mecca Farms from any and all such claims alleged in the Amended Complaints for the time period specified in said Amended Complaints.

On the Settlement Effective Date, the Field Class Representatives, the Field Accident Plaintiffs, the Field Class Members, the Packing House Representatives, and the Packing House Class Members, both individually and as a class, for themselves, their attorneys, spouses, children, executors, representatives, heirs, successors, and assigns, or any other persons who could claim through them, in consideration of the relief set forth herein, the sufficiency of which is expressly acknowledged, shall be deemed to have, and by operation of the Final Judgment and Order, shall have fully and finally released and forever discharged Mecca Farms, its parents, affiliated or subsidiary companies, and its insurers, as well as each of its respective present, former or future officers, directors, shareholders, agents, employees, representatives, consultants, attorneys, successors and assigns and its respective pension, profit-sharing, savings and other employee benefit plans of any nature, and those plans' fiduciaries, representatives, trustees and administrators (the "Released Persons") from all such claims alleged in the Amended Complaints.

The Field Class Representatives, the Field Accident Plaintiffs, the Field Class Members, the Packing House Representatives, and the Packing House Class Members specifically confirm by their execution of this Agreement that they have fully and irrevocably dismissed their individual claims for compensatory and statutory damages as alleged in the Amended Complaints with prejudice.

This Agreement also resolves, and the Field Class Representatives, the Field Accident Plaintiffs, the Field Class Members, the Packing House Representatives, and the Packing House Class Members hereby release the Released Persons from any and all claims by the Field Class Representatives, the Field Accident Plaintiffs, the Field Class Members, the Packing House Representatives, and the Packing House Class Members for costs and attorneys' fees, including but not limited to expert witness fees, and including claims for costs, attorneys' fees, and expert witness fees incurred in connection with the negotiation, execution, implementation, and administration of

this Agreement and/or any settlement fund and administration and distribution of the Settlement Amount, except as described in section VII.  This Agreement also resolves, and the Field Class Representatives, the Field Accident Plaintiffs, the Field Class Members, the Packing House Representatives, and the Packing House Class Members hereby release the Released Persons from, any and all claims by the Field Class Representatives, the Field Accident Plaintiffs, the Field Class Members, the Packing House Representatives, and the Packing House Class Members for any tax liability that may arise from the amounts paid to them under this Agreement.

## V. MONETARY RELIEF, DISTRIBUTION, AND NOTICE

A.    **Settlement Amount**

      1.    <u>Unlimited Joint Settlement Amount</u>.

In consideration of the releases, promises, and representations made by the Field Class Representatives, the Field Accident Plaintiffs, the Field Class Members, the Packing House Representatives, and the Packing House Class Members and Legal Services in this Agreement, Mecca Farms agrees to pay, in accordance with the other provisions of this Agreement, all eligible claims of the Field Settlement Class Members and the Packing House Settlement Class Members with no overall cap as to the total monetary sum (the "Unlimited Joint Settlement Amount").

      2.    <u>Charity Fund</u>.

Additionally, Mecca Farms agrees to pay Legal Services Twenty Five Thousand Dollars ($25,000.00) ("Charity Fund") to donate to one or more non-profit social service agencies which serve farmworkers in Martin County or Palm Beach County.  The selection of the non-profit social service agencies and the total monetary sum of each contribution shall be within the sole discretion of Class Counsel. The Charity Fund shall be paid in full to Legal Services within thirty (30) days of the end of the Claims Period.

**B.**     **Class Monetary Distribution**

    1.     <u>Eligibility for Distribution from the Unlimited Joint Settlement Fund in Field Case</u>

Eligibility for payments from the Unlimited Joint Settlement Fund in the Field Case shall be

in accordance with the following.  To be a member of the Field Settlement Class and thereby qualify

for a distribution from the Joint Settlement Fund, an individual must:

        (i)     be migrant or seasonal agricultural worker furnished to Mecca Farms
              by M. Sanchez & Son, Inc., Maria T. Sanchez, or Rogerio T.
              Rodriguez from August 1997 through November 2001, inclusive; and

        (ii)    who did not opt out of the class.

    2.     <u>Eligibility for Distribution from the Unlimited Joint Settlement Fund in the
        Packing House Case</u>

Eligibility for payments from the Unlimited Joint Settlement Fund in the Packing House Case

shall be in accordance with the following.  To be a member of the Packing House Settlement Class

and thereby quality for a distribution from the Unlimited Joint Settlement Fund, an individual must:

        (i)     be a migrant agricultural worker employed in Mecca Farms' tomato
              packing house from August 1997 through March 2002, inclusive; or

        (ii)    be a migrant agricultural worker employed in Mecca Farms pepper
              packing house from August 1997 through March 2002, inclusive; and

        (iii)   who did not opt out of the class.

**C.**     **Distribution of the Unlimited Joint Settlement Fund, Claim Period, and Payment
    Schedule**

    1.     <u>Class Representatives</u>

The Field Class Representatives, Field Accident Plaintiffs, and Packing House Class

Representatives will receive a total sum of Fifty Five Thousand Dollars ($55,000.00) which shall be

paid in full upon the Settlement Effective Date.  Legal Services is solely responsible for determining

the quantity of money each Field Class Representative, Field Accident Plaintiff, and Packing House

Class Representative will receive from the total sum and its distribution thereof. Mecca Farms agrees

to pay the Fifty Five Thousand Dollars ($55,000.00) through delivery of readily available funds (i.e.,

cash, wire transfer, cashiers check, certified check, trust account check, etc.) to Legal Services. This

shall constitute a full and complete satisfaction of the claims of the Field Class Representatives and

the Parking House Class Representatives and they shall not share in any further proceeds from the

Unlimited Joint Class Settlement Fund.

     2.    <u>Class Members</u>

The Unlimited Joint Settlement Fund will be distributed to the remaining members of the

Field Class and the Packing House Class (i.e., not including the Field Class Representatives, Field

Accident Victims, and Packing House Class Representatives) in the following amounts:

     a)    Field Class members: $5.00 for every day worked;

     b)    Tomato Packing House Class members: $4.00 for every day worked; and

     c)    Pepper Packing House Class members: $3.00 for every day worked.

If there is verifiable proof that the social security (FICA) taxes were paid, the claimant will receive

50% less per day, for each day the Social Security taxes were paid, than otherwise provided for in

this paragraph.

     3.    <u>The Claims Period</u>

The period for Field Class and Packing House Class members to make class claims shall end

on February 1, 2004.  If either the Master List has not been completed (see Section IV(C)(4)) or the

Preliminary Approval Date has not occurred by May 1, 2003, the Claim Period shall be extended by

an additional day for each additional day beyond May 1, 2003 that is needed to complete both the

Master List and obtain Preliminary Approval.

     4.    <u>Master List</u>

Class Counsel, through contracting with a third party acceptable to the Parties, will prepare a list (the "Master List") from available records which will specify all the individuals in the Field Class and Packing House Class, specify the Social Security number of the individual if one was supplied to the employer, the number of days those individuals worked, the employer(s) the individuals worked for, and the total monies owed under the formula set out in Section V(C)(2). Mecca Farms will advance the necessary funds to Class Counsel, which will be credited against the Class Counsel Attorney Fee payment, to fund the preparation of the Master List. Mecca Farms also agrees to facilitate the preparation of the Master List by providing Class Counsel with all pertinent records, either in paper or electronic form. The Master List shall be prepared and paid for by May 1, 2003. The contents of the Master List shall remain confidential between Mecca Farms and Class Counsel and shall not be disclosed to third parties or any class members without the written consent of Mecca Farms and Class Counsel.

     5.    <u>Claiming Opportunities</u>

Class Counsel shall provide potential claimants regular opportunities, not less than once a week, to file a claim ("Claiming Opportunities"). Class Counsel shall provide Mecca Farms with advance notice of at least one week as to the precise time and location of a Claiming Opportunity. If a Mecca representative chooses not to attend a Claiming Opportunity, Class Counsel may conduct the session without a Mecca representative. Claiming Opportunities shall not be held on Wednesdays or Fridays, but may be held on any other day of the week, or in any location. It is the intention of the parties to facilitate Claiming Opportunities for class members and therefore these Claiming Opportunities shall be scheduled at times and locations accessible to and convenient for the class members. Because a substantial portion of the Field Class Members reside in Indiantown, the parties agree to conduct no fewer than five (5) Claiming Opportunities at a site in Indiantown

convenient and accessible to Field Class Members;

6.      Claim Verification Procedure

Each member of the Field Class and Packing House Class who seeks disbursement of funds from the Unlimited Joint Settlement Fund shall appear in person if present in the State of Florida at one of the Claiming Opportunities and fill out an application (the "Application"). If a member of the Field Class and Packing House Class is residing outside the State of Florida, they will be permitted to submit the Application by mail but must otherwise comply with the Claim Verification Procedure set forth herein.  The Application shall require the individual to state:

a)      The name supplied to the Field FLC Defendants or the Packing House FLC Defendants at the time of the individuals' employment;

b)      the Social Security number provided at the time of the employment (if any);

c)      the name of the FLC or other person the individual believes he or she was employed with;

d)      the approximate time frame the individual believes he or she was employed by the Field FLC Defendants or the Packing House FLC Defendants;

e)      the individual's current address, and;

f)      if the individual appears at a Claiming Opportunity, the individual's signature which evidences that the information is being provided pursuant to the requirements of Section 92.525, Florida Statutes, or the equivalent Federal statute; if the individual is not present at a Claiming Opportunity but completes the Application in the United States, the  Application shall be notarized; if the individual is residing outside the United State, the Application shall be notarized or verified by a government official including officers of the judicial sysytem.

Class Counsel may assist an individual in filling out the Application, however, such

and/or the Packing House FLC Defendants and which included the Social Security number in the Application ("Social Security Applicants") shall be paid within 35 days of the Application having been provided to Mecca Farms; and

c)  Individuals who submitted a proper Application and did not provide the Field FLC Defendants or the Packing House FLC Defendants with a Social Security number and did not provide a wage statement with the Application ("Remaining Applicants") shall be paid within 50 days of the Application having been provided to Mecca Farms.

Field Class Members and Packing House Class Members which supplied the Field FLC Defendants and/or the Packing House FLC Defendants with a Social Security number during the term of their employment and are unable to provide the same Social Security number as part of the Application are not eligible for disbursements from the Unlimited Joint Settlement Fund.

Class Counsel shall submit to Mecca Farms, on a weekly basis, all of the applications submitted by Wage Statement Applicants and Social Security Applicants which have been properly prepared.  Class Counsel shall submit to Mecca Farms, within twenty (20) days of the end of the Claims Period, all of the applications submitted by the Remaining Applicants which have been properly prepared.  Within 30 days of its receipt of an Application prior to the end of the Claims Period and within 45 days of its receipt of an Application after the Claims Period has expired, Mecca Farms may review the Application and object to its validity.  If Mecca Farms objects, it shall set forth its basis in writing.  For any Application submitted by a claimant outside the United States, Mecca Farms shall always have the opportunity to show that the Application is fraudlent.  If Mecca Farms is able to show by a propenderence of the evidence that such a claim is fraudulent after it has been paid, Mecca Farms will be entitled to a credit agsint the Attorney Fee Settlement Amount in the amount of the claim.  If the Parties are unable to resolve the objection of Mecca Farms, it shall be

9.    Notice to the Settlement Class

Promptly following the Preliminary Approval Date, Class Counsel shall provide the notice of proposed class settlement approved by the Court in the Field Case and the Packing House Case. Due to the lack of addresses for the class members, the Parties have agreed that Class Counsel will provide notice in the following manner:

Publish the Field Class Notice (attached as Exhibit B) and the Packing House Class Notice (attached as Exhibit C) in the Spanish language in Spanish language newspapers in Palm Beach or Martin Counties;

Publish an abbreviated Field Class Notice ("Field Class Radio Notice" attached as Exhibit D) and Packing House Class Notice ("Packing House Radio Notice" attached as Exhibit E) in the Spanish language via Spanish language radio programs which broadcast in Palm Beach or Martin counties;

Publish handouts containing the language in the Radio Notices as described in the preceding paragraph, and post these notices in locations frequented by farmworkers in Palm Beach and Martin counties, such as churches, social service agencies, and retail establishments; and

No notices will be published outside the State of Florida and Class Counsel shall not otherwise solicit class memebers outside the State of Florida including the posting of handouts but Class Counsel may send an Application to class members outside the State of Florida if those class members contact Class Counsel and request an Application.

10.    Objections

Class Members who wish to present an objection to the proposed settlement must either do so in writing or attend the Fairness Hearing. If the objecting individual chooses to submit a written objection in lieu of attending the Fairness Hearing, the individual must write to the Clerk of

the Court at least ten (10) days before the Fairness Hearing.  If the objecting individual attends the fairness hearing without having submitted a written objection, then parties agree that Mecca Farms has the right to seek a continuance of the Fairness Hearing in order to respond to the objecting individual's concerns.  In the event that sixty (60) or more of the combined total of the Field Class Members and the Packing House Class Members elect to opt out from participation in the monetary portion of this settlement, Mecca Farms may, at its option, void this Agreement at least seven (7) days prior to the date set for the Final Approval hearing.  In the event that Mecca Farms elects to void this Agreement, it shall have no obligations to pay monetary relief, attorneys' fees, expenses or implement any injunctive relief under this Agreement.

## VI.  CERTIFICATION OF FIELD CLASS FOR PURPOSES OF SETTLEMENT

For the purposes of this Agreement, the Parties hereby stipulate to the certification in the Field Case of a class consisting of:

> All migrant and seasonal agricultural workers furnished to Mecca Farms, Inc.
> by M. Sanchez & Son, Inc., Maria T. Sanchez, or Rogerio T. Rodriguez from
> August 1997 through November 2001, inclusive.

Class Counsel is responsible for providing the required notice to the above-referenced class and otherwise complying with the requirements of the Federal Rules of Civil Procedure and Federal law.  In the event that the Agreement is not approved by the Court or, for whatever reason, the Settlement Effective Date does not occur, the stipulation made in this section shall become null and void unless the Parties agree otherwise in writing, and all negotiations and proceedings relating thereto shall be without prejudice to the rights of the Parties, and they shall proceed thereafter in all respects as if the stipulation in this section had not been made and the related orders not entered, preserving in that event all of their respective claims and defenses in the action, and otherwise restoring all of the Parties to their respective positions immediately prior to this Agreement being

executed, and neither the stipulation of this section nor any of the motions, notices, orders, or other documents relating to it may be admissible in further proceedings.

## VII. ATTORNEYS' FEES AND EXPENSES

Mecca Farms has agreed to pay Two Hundred Thousand Dollars ($200,000.00) (the "Attorney Fee Settlement Amount") in full settlement of the attorneys' fees and costs incurred by the Field Class Representatives, the Field Accident Plaintiffs, the Field Class, the Packing House Class Representatives, the Packing House Class and Class Counsel in the Field Case and the Packing House Case. Mecca Farms shall pay the Attorney Fee Settlement Amount through delivery of readily available funds (i.e., cash, wire transfer, cashiers check, certified check, trust account check, etc.) to Legal Counsel within thirty (30) days of the last day of the Claim Period.

The amount of attorneys' fees and costs received by Legal Services pursuant to this section fully satisfies any obligation Mecca Farms may have to pay attorneys' fees and costs, including but not limited to expert witness fees, to or on behalf of the Field Class Representatives, the Field Accident Plaintiffs, the Field Class Members, the Packing House Representatives, and the Packing House Class Members for any and all work, including but not limited to work to be performed and costs and expenses to be incurred by Class Counsel to implement and administer this Settlement Agreement.

## VIII. NON-MONETARY RELIEF

In addition to the Settlement Amount and the Attorney Fee Settlement Amount, and as part of the consideration for the Field Class Representatives, the Field Accident Plaintiffs, the Packing House Class Representatives, and Class Counsel executing this Agreement, Mecca Farms hereby agrees to take the following respective actions:

**A.    Field and Packing House Cases**

1.    <u>Disclosures</u>.

Mecca Farms will include as part of its standard contract form for contracting for services from FLCs (the "Form Contract") a requirement that the FLC provide its employees a written disclosure, in English and Spanish, of the matters required under 29 U.S.C. § 1821(a) at the beginning of each vegetable harvest season or at the time a specific employee is first employed by the FLC.  In addition, the written disclosure shall also include:

a)    The following definition of "Waiting Time": "You have the right to be credited for all the hours you work during the work day. "'Workday'...[is] the period of between the commencement and completion on the same workday of an employee's principal activity or activities.  It includes all the time within that period whether or not the employee engages in work throughout all of that period...If an employee is required to report to the actual place of performance of his principal activity at a certain specific time, his 'workday' commences at the time he reports there for work in accordance with the employer's requirement, even though work through a cause beyond the employee's control, he is not able to commence performance of his productive activities until a later time. In such a situation the time spent waiting for work should be part of the workday.'" 29 C.F.R. § 790.7(b).

b)    The following definition of "Build-Up Pay": "You are entitled to be paid the minimum wage of $5.15 an hour even if being paid piecerate. If you do not earn enough tokens to earn the minimum wage for all the hours you have worked during a specific pay period, your employer MUST pay you the difference. If, for example, you work one day of the pay period and you pick 100 buckets of tomatoes for $.40 a bucket and arrive to the fields at 7:00 AM and leave at 5:00PM, the minimum wage is $51.50.  If you earned only $40 worth of tokens, your employer must

pay you $11.50 so that you will have earned the minimum wage."

c)     Name and phone number of a Mecca Farm's employee (fluent in the Spanish language) that the FLC employees can contact if they believe that the FLC is violating the requirements of Federal labor laws, the FLC is violating the requirements of the contract between Mecca Farms and the FLC, or the FLC is otherwise engaging in improper or illegal activities, or any other matters related to work on lands owned or operated by Mecca Farms.

d)     The following information about the Florida Legal Services Migrant Farmworker Justice Project: "If you have questions about your employment rights as a farmworker call the Florida Legal Services Migrant Farmworker Justice Project at 1-800-277-7447.  The call and the legal services are free."

e)     The following information about the right to receive payment in the form of a check: "You shall not be paid in cash.  You will receive your payment in the form of a check accompanied with a wage statement on a weekly basis."

f)     The following information about receiving tokens for every bucket picked: "For every bucket that is dumped into the truck, you shall receive a token."

g)     The following information about daily token tallies: "Every day that you work earning piecerate, you shall receive from your employer a written summary of the total amount of piecerate earnings for that day."

h)     A signature line for the new employee's signature.

Mecca Farms will require that the FLCs provide it with a copy of the aforementioned disclosure after it has been executed by the employee and that the FLCs develop a system to properly verify that each of their employees has been provided and has executed the required disclosure.  The FLCs' shall provide to Mecca Farms, on a weekly basis, the signed disclosures obtained during that

week. Mecca Farms shall review the information provided to it by the FLCs, and other information reasonably available to Mecca Farms, to determine if the FLCs are obtaining all required disclosures. The parties agree to work cooperatively to provide an accurate translation of the above disclosure requirements in the Spanish language.

      2.    <u>Daily token totals</u>.

Mecca Farms will include as part of the Form Contract a requirement that, to the extent piece rate work is performed on a particular work day, the FLCs are to provide their employees with a written receipt at the end of each work day which discloses the type and amount of piece rate work performed on that particular day. In addition, the FLCs will be required to maintain records as to the number of hours their employees work when doing piece rate work and ensure that their employees receive compensation at least equal to the minimum wage they would be entitled to on an hourly basis.

      3.    <u>Payment by Check</u>.

Mecca Farms will include as part of the Form Contract a requirement that the FLCs pay their workers via check which will be accompanied by a wage statement containing the information required by the 29 U.S.C. § 1821(d)(1). The Form Contract will also provide that the data contained on the wage statements or duplicates of the wage statements are to be provided to Mecca Farms. In addition, the wage statements shall contain the following information: "For work performed on land owned or controlled by Mecca Farms. This wage statement shall be accompanied by a check. You should NOT receive your wages in cash."

      4.    <u>Payroll</u>.

In addition, the Form Contract will require the FLCs to disclose to Mecca Farms the information necessary for Mecca Farms to independently calculate the amounts that the FLCs are to

withhold for FICA, the amounts that the FLCs have to pay for unemployment insurance, vehicle insurance, and workers compensation, and any other amounts which the FLCs may properly and legally withhold from their employees on the FLC employees who are paid on an hourly or piecerate basis. Following the FLCs payment of the items referenced above, the FLC shall provide proof of such payment to Mecca Farms and otherwise cooperate in verifying that payment has been made.

     5.    <u>Mecca "compliance officer."</u>

Mecca shall employ a person or persons, fluent in both English and Spanish, who will receive inquires from FLC employees' with questions related to their work on property owned or controlled by Mecca Farms. This "compliance officer" shall take measures to try to assist the FLC employees with their inquiries by either providing direct assistance or contacting the appropriate persons on their behalf.

**B.**    **Additional Field Case Non-Monetary Relief**

     1.    <u>Transportation.</u>

Mecca Farms will, at the beginning of each vegetable harvest season and throughout the season when reasonably necessary, require any Farm Labor Contractor ("FLC"), which has contracted with Mecca Farms, to disclose to Mecca Farms any vehicles that the FLC intends to utilize to transport migrant or seasonal agricultural workers to property owned or controlled by Mecca Farms. Mecca Farms will verify that the vehicle(s) have the safety equipment required by law, are being driven by a properly licensed individual, are properly insured, and comply with state and federal laws regulating the transportation of migrant farmworkers. Mecca Farms will implement and monitor a decal system or other arrangement reasonably intended to discover whether FLCs are using vehicles other than those disclosed to transport their workers. Mecca Farms will require, as part of its Form Contract, a requirement that the FLCs utilize only vehicles that have been verified by

Mecca Farms to transport their employees and that all other vehicles utilized to transport employees are prohibited. In the event that FLCs are found to be utilizing unverified vehicles, Mecca Farms reserves the right to terminate such FLC's contract with Mecca Farms if the FLC fails to correct the situation or has multiple violations within a single season.

**C.     Additional Packing House Case Non-Monetary Relief**

1.     <u>Waiting Time</u>.

The compensable workday at the packing houses shall begin from the hour that the packing house workers are told to report to work at a Mecca packing house. As has been the practice during the time period covered by the lawsuit, the morning reporting time is usually communicated by the time posted on the board next to the time clock. The packing house workers shall also be paid for periods of inactivity during the workday such as breakdown periods in accordance with federal law.

Mecca Farms, with the approval of the Field Class Representatives, the Packing House Class Representatives, and Class Counsel, is taking the actions required by Section VIII to prevent the violation of federal, state, or local laws on property owned or controlled by it and not for the purpose of exerting control over the FLCs or the employees of the FLCs.

**IX. JUDGMENT TO BE ENTERED APPROVING THE SETTLEMENT**

If the Court enters its Order Tentatively Approving Settlement in the form of attached Exhibit A, or any other form thereof agreeable to the parties, and if after the hearing the Court approves the settlement embodied in this Stipulation and the Exhibits hereto without modification then a final order shall be entered in this action:

Approving the settlement contemplated in this Stipulation as lawful, fair, just, reasonable, and adequate, after considering, among other things, that the settlement was reached at arms length after good faith, arms' length negotiations by experienced and capable class counsel and in the absence of

collusion; the amount of the settlement; the likelihood of the claimants' success in obtaining all relief

prayed for; the cost, complexity, and duration of the litigation if pursued through trial; the further

disruption of the business activities of Mecca Farms; and any other matters bearing on the best

interests of the parties and directing its consummation and that all parties perform in accordance with

the terms of this Stipulation and attached Exhibits.

Permanently and finally certifying, under Rule 23(e) of the Federal Rules of Civil Procedure, the

following settlement class for the Field Case in this cause as follows:

> All migrant and seasonal agricultural workers furnished to Mecca Farms, Inc.
> by M. Sanchez & Son, Inc., Maria T. Sanchez, or Rogerio T. Rodriguez from
> August 1997 through November 2001, inclusive.

Permanently and finally certifying, under Rule 23(e) of the Federal Rules of Civil Procedure,

the following settlement classes for the Packing House Case in this cause as follows:

> All agricultural workers employed or jointly employed by Defendants Mecca
> Farms, Inc. in Mecca Farms' tomato packing house from August 1997
> through March 2002, inclusive.

> -and-

> All agricultural workers employed or jointly employed by Defendants Mecca
> Farms, Inc. in Mecca Farms' pepper packing house from August 1997
> through March 2002, inclusive.

Providing that members of the class who have duly and timely requested exclusion from the class

may thereafter pursue only their own individual remedies, if any, and not any class actions based on

the claims in the Plaintiffs' Amended Complaints.

Dismissing this action with prejudice, except that the court retains jurisdiction to reopen the

action to enforce the terms of the settlement specifically, upon cause shown that the settlement has

not been complied with, and that a party wishes to enforce the terms of the settlement specifically.

## X. ENFORCEMENT OF THE AGREEMENT

Only the Field Class Representatives, Packing House Class Representatives, Field Class Members or  Packing House Class Members through Class Counsel, or Mecca Farms may seek to enforce this Agreement.  The Courts with jurisdiction over the Field Case and the Packing House Case, respectively, alone shall have plenary authority to resolve all disputes arising under the Agreement.  The Field Class Representatives, Field Accident Plaintiffs, Field Class Members, Packing House Class Representatives, Packing House Class Members, Class Counsel, and Mecca Farms agree to submit any action with respect to the Agreement or its enforcement to the jurisdiction of the United States District Court Southern District of Florida, and hereby waive any challenge to jurisdiction or venue over any such action or proceeding in the Southern District.

At the request of Class Counsel or Mecca Farms, Class Counsel and Mecca Farms shall confer, as necessary, and an earnest effort shall be made by the Parties to resolve promptly any differences or any disputes regarding the interpretation, implementation, or enforcement of the Agreement.  If any issue is not resolved informally, Class Counsel or Mecca Farms may seek relief from the Court.  Prior to seeking relief from the Court, the Parties agree to submit the issue to mediation before Judge Gerald Wetherington (Retired) or such other mediator as is agreed to between the Parties.  Seven (7) days following the mediator issuing written findings that the positions of the Parties are irreconcilable or that the issue cannot be otherwise resolved through mediation, the Parties may seek relief from the Court in the Field Case or the Packing House Case.

## XI.  EFFECT OF FAILURE TO CONSUMMATE SETTLEMENT

If the settlement contemplated hereby is not consummated because of Mecca Farms' default in its payment obligations under Section V or Section VII above or default in its obligations under Section VIII above and said default remains uncured for a period of thirty (30) days, then Class Counsel shall upon motion with notice to counsel for the defaulting party or parties, be entitled to

entry of judgment and attorneys fees and costs for seeking the execution of the judgment against the defaulting party or parties for the total of all sums remaining unpaid by that party or parties under Section V and Section VII above, and the Plaintiffs may seek to execute on the judgment.

In the event that the Agreement is not approved by the Court or, for whatever reason, the Settlement Effective Date does not occur, this Agreement shall become null and void unless the Parties agree otherwise in writing, and all negotiations and proceedings relating thereto shall be without prejudice to the rights of the Parties, and they shall proceed thereafter in all respects as if this Agreement had not been executed and the related orders not entered, preserving in that event all of their respective claims and defenses in the action, and otherwise restoring all of the Parties to their respective positions immediately prior to its execution, and neither this Agreement nor any of the motions, notices, orders, or other documents relating to it may be admissible in further proceedings.

## XII.  FURTHER LITIGATION BY FLORIDA LEGAL SERVICES, INC.

The parties to this stipulation recognize that Rule 4-5.6(b) of the Rules regulating the Florida Bar does not permit settlement agreements that restrict an attorney's capacity to practice law.  Legal Services by its undersigned attorney, hereby states that it has no knowledge of other persons who may have claims against the Mecca Farms arising from the matters resolved herein.  Legal Services will not seek out or solicit any persons other than the claimants and class members referred to in this Agreement regarding claims arising out of the acts or omissions complained of in this action.  Legal Services hereby states that it does not intend to file any further litigation or administrative complaints arising from the 1996-97, 1997-98, 1998-99, 1999-2000, 2000-01 and 2001-02 South Florida vegetable seasons relating to matters that are the subject of the two actions.  Except as provided for by Section IV above, this provision shall in no way prevent Legal Services from providing legal representation to the Plaintiffs or other farmworkers with regard to claims arising from this period or

subsequent seasons or in claims arising from legal bases and factual circumstances other than those raised in this action, including, but not limited to claims brought under the Florida Workers' Compensation Law, Fla. Stat. § 440.01 et seq. and/or the Florida Unemployment Compensation Law, Fla. Stat. §§ 443,011 et seq.

### XIII. MISCELLANEOUS PROVISIONS

**A.     Construction of Agreement**

Each Party has been given an opportunity to participate in the drafting and preparation of this Agreement.  Hence, any rule that the Agreement should be construed against its drafter shall not apply here.

**B.     Entire Agreement**

The Parties represent and warrant that no promise or inducement has been offered or made except as set forth herein and that they are entering into and executing this Agreement without reliance on any statement or representation not set forth within this Agreement.  The consideration stated herein is the sole consideration for this Agreement.  This Agreement reflects the entire agreement between the Parties and supersedes all prior or contemporaneous agreements, discussions, or representations, oral or written, with respect to the subject matter hereof.

**C.     Cooperation**

The Parties agree to cooperate to seek approval of and implement the terms of this Agreement. The Parties agree to cooperate in seeking the Court's approval of the Agreement at the Fairness Hearing.

**D.     Modification**

This Agreement may not be modified or supplemented orally.

**E.     No Waiver**

The waiver by any Party of any breach of the Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of the Agreement.

### F.      Successors and Assigns

This Agreement shall be binding upon, and shall inure to the benefit of, the successors, assigns, devisees, executors, administrators, heirs, and legal representatives of the Parties and the Released Persons; provided, however, that no assignment by any Party shall operate to relieve such Party of its obligations hereunder.

### G.      Commitment to Defend Agreement

The Field Class Representatives, the Field Accident Plaintiffs, Field Class Members, Packing House Class Representatives, Packing House Class Members, Class Counsel, and Mecca Farms shall defend this Agreement from any legal challenge whether by appeal, collateral attack, or objection.

### H.      Calculation of Time

In computing any period of time prescribed or allowed by this Agreement, unless otherwise stated, such computation or calculation shall be made consistent with Federal Rules of Civil Procedure 6(a) and (e).

### I.      Notices

All notices and other communications required under this Agreement to be provided to the Parties shall be in writing and delivered either personally, by facsimile, or by depositing the same, postage prepaid, in the United States mail, addressed to the Party hereto to whom the same is directed at the following addresses:

To the Plaintiffs and Class Members:

>       Migrant Farmworker Justice Project
>       508 Lucerne Avenue
>       Lake Worth, FL  33460
>       Attn: Cathleen Caron, Esq.

Fax No. 561-582-4884

To Mecca Farms:

Mecca Farms, Inc.
P.O. Box 541779
Lake Worth, Florida  33454-1779
Attn:  Gary Smigiel, Esq.
Fax No.561-968-3601

With a copy to:

Henry S. Wulf, Esq.
Carlton Fields, P.A.
222 Lakeview Avenue, Suite 1400
West Palm Beach, FL  33410
Fax No. 561-659-7368

The Parties may from time to time change their address for the purposes of this Section by providing written notice, return receipt requested, of such change to the other Parties.

**J.      Counterparts**

This Agreement may be executed in multiple actual or telecopied counterparts, each of which when so executed shall constitute an original.  The executed signature pages from each actual or telecopied counterpart may be joined together and attached to one such original, which shall constitute one and the same instrument.

**K.      Knowing And Voluntary Agreement**

In entering into this Agreement individually and on behalf of the Field Settlement Class and the Packing House Settlement Class, the Field Class Representatives, the Field Accident Plaintiffs, and the Packing House Class Representatives represent that they and the Field Settlement Class and the Packing House Settlement Class have been and are adequately represented in this matter by Class Counsel, they have consulted such legal counsel before entering this Agreement and have been advised as to the meaning of the terms of the Agreement and understand the terms of the Agreement, and they are executing this Agreement freely and voluntarily and without coercion or threats of any

kind. The Field Class Representatives, the Field Accident Plaintiffs, and the Packing House Class Representatives represent that they have obtained the consent of Class Counsel to all the terms of this Agreement, including but not limited to the terms relating to payment of attorneys' fees and costs, which shall be manifested by the signature of Class Counsel indicated below, and that they have authorized Class Counsel to execute this Agreement on behalf of the Field Class Representatives, the Field Accident Plaintiffs, the Packing House Class Representatives, the Field Settlement Class, and the Packing House Settlement Class. Class Counsel likewise represent that they are authorized to execute this Agreement on behalf of the Field Class Representatives, the Field Accident Plaintiffs, the Packing House Class Representatives, the Field Settlement Class, and the Packing House Settlement Class and thereby bind the Field Class Representatives, the Field Accident Plaintiffs, the Packing House Class Representatives, the Field Class Members, and the Packing House Class Members to this Agreement.

**L.**      **Miscellaneous.**

The Field Class Representatives, the Field Accident Plaintiffs, and the Packing House Class Representatives and Mecca Farms shall not, directly or indirectly, in any way exercise, and they, and all of them, do hereby waive, any and all rights they, or any of them have or may have to appeal from any order of court entered pursuant to and in accordance with this Stipulation.

Neither this Agreement nor any documents executed or prepared, acts done or orders entered pursuant to this Agreement shall be construed as an admission by Mecca Farms, of the validity of any claims asserted in this action or of the Mecca Farms' liability herein or of any wrongdoing or of any act or omission by them, nor construed as an admission of any fault or omission in any statement or document, nor offered or received in evidence in any civil, criminal, or administrative action or proceeding against any party other than such proceedings as may be necessary to consummate or

enforce this Agreement and attached Exhibits, and other than to the extent necessary to prove the terms of this Agreement and the attached Exhibits in any other action or proceedings.

Class Counsel and counsel for Mecca Farms agree that they will not solicit or advise potential class members to request exclusion from the class and will not represent or arrange representation for, any potential class member in requesting exclusion from the potential class and/or filing a separate action.

The Field Class Representatives and the Packing House Class Representatives will make good faith efforts to give notice to as many class members as possible and will make a good faith effort to foster the maximum res judicata effect of this settlement. To this end, Mecca Farms will provide Class Counsel any information in its possession which is needed to identify the members of the class, obtain their most recent known addresses and to compute the amounts due each class member under this agreement.

The Field Class Representatives, the Field Accident Plaintiffs, and the Packing House Class Representatives and their counsel will cooperate with the Mecca Farms in resisting a collateral attack on the judgment contemplated in this Agreement.

This Agreement is and shall be binding upon the predecessors and successors of Mecca Farms and shall inure to the benefit of the Mecca Farms' predecessors, successors, subsidiaries, shareholders, affiliates, representatives, assigns, agents, officers, directors, attorneys, contractors general and limited partners, and employees, and in the case of the individual members of the settlement class, their heirs, successors, assigns, executors and administrators.

IN WITNESS WHEREOF, the parties by their counsel have signed this Stipulation of Proposed Settlement Agreement.

_as authorized agent for_
**DELMA LUZ CARRANZA**

_as authorized agent for_
**FRANCELIA HERNANDEZ**

_as authorized agent for_
**VIRGINIA PEREZ**

_as authorized agent for_
**CARLOS RAMOS**

_as authorized agent for_
**ADOLFO PEREZ**

_as authorized agent for_
**GLORIA ROBLERO**

_as authorized agent for_
**DAVID MATIAS**

_as authorized agent for_
**RAFAEL GONZALEZ**

_as authorized agent for_
**CARMELINA MARTINEZ**

_as authorized agent for_
**JORGELIA VELASQUEZ**

_as authorized agent for_
**MARIA ESTER ESCOBAR TORRES**

_as authorized agent for_
**MARIA JOSE ALARCON**

_as authorized agent for_
**LUIS ROCA**

MECCA FARMS, INC.

By: _____

Its: _____


CARLTON FIELDS, P.A.
222 Lakeview Avenue, Suite 1400
West Palm Beach, FL 33401-6149

By: _____
Joseph Ianno, Jr.
Florida Car No. 655351
Email: jianno@carltonfields.com

Henry S. Wulf, Esq.
Florida Bar. No. 0056049
Email: hwulf@carltonfields.com

Attorneys for Mecca Farms

Cathleen D. Caron
Florida Bar No. 0468266
Gregory S. Schell
Florida Bar No. 287199
Lillian Hirales
Florida Bar No. 533777
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, FL 33460
Telephone: (561) 582-3921
Facsimile: (561) 582-4884
Email: cathleen@floridalegal.org
Email: greg@floridalegal.org
Email: lillian@floridalegal.org

Attorneys for Plaintiffs