# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

Case No. 01-9013-CIV.-RYSKAMP
Magistrate Judge Vitunac



Luz-Carranza, <u>et</u>. <u>al</u>.,
individually and on behalf of
all others similarly situated,

      Plaintiffs,

vs.

Mecca Farms, Inc., <u>et</u>. <u>al</u>.,

      Defendants.

_____/

## PLAINTIFFS AND DEFENDANTS MARIA T. SANCHEZ AND M. SANCHEZ & SON, INC. JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND SUPPORTING MEMORANDUM OF LAW

The Plaintiffs and Defendants Maria T. Sanchez and M. Sanchez & Son, Inc. (hereafter "Sanchez" and "M. Sanchez" respectively) have reached agreement on a proposed settlement of this action and hereby jointly move the Court pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for an Order:

1.   Certifying a Settlement Class as follows: All migrant and seasonal agricultural workers furnished to Mecca Farms, Inc. by M. Sanchez & Son, Inc., Maria T. Sanchez, or Rogerio T. Rodriguez from August 1997 through November 2001, inclusive.

2.   Conditionally approving the proposed settlement as set forth in the Settlement Agreement, a copy of which is attached hereto as Exhibit "F."

3.  Directing the Plaintiff to provide notice to the class members.

4.  Approving the notices to be published in Spanish language publications and on

Spanish language radio stations as attached as Exhibits "B-E" (in the English language)

5.   Holding a Fairness Hearing on April 1, 2003 at 9:00 AM, jointly with the Fairness Hearing on the Plaintiffs' settlement agreement with Defendant Mecca in the same matter, to determine whether the settlement should be finally approved by the Court and judgment entered.

In making this Motion, counsel for the respective settlement parties stipulate and represent to the Court:

1.   That the Settlement Agreement was reached through extensive arms-length negotiations between counsel for the Plaintiff and counsel for Sanchez and M. Sanchez.

2.   That Plaintiffs' counsel represent that they are experienced in the representation of farmworkers in civil matters and are well qualified to evaluate the fairness of the proposed settlement on behalf of the members of the class.

3.   That the Settlement Agreement is fair, reasonable, and adequate as to the members of the class in light of the corrective actions promised by the Defendants, as compared to the uncertainties of litigation of these claims, and the significant cost, time, and efforts this litigation would entail on behalf of all parties, regardless of the outcome.

4.   That the Settlement Agreement represents the proposed compromise of disputed claims and in no way constitutes an admission of liability by Sanchez or M. Sanchez with respect to any of the material allegations of the Complaint and Amended Complaint.   Nor does it constitute an admission by the Plaintiffs that they would not ultimately prevail on the merits should these claims go to trial.

For the reasons stated, we respectfully request that the Settlement Agreement be conditionally approved, the proposed notice be ordered to be published, and the other provisions

of this Joint Motion be granted.

## MEMORANDUM OF LAW

### A.    Introduction

To conclude the Settlement outline above as it pertains to the Court contained in this action under the Migrant and Seasonal Agricultural Worker Protection Act, Rule 23(e) of Fed.R.Civ.P. requires that there be notice to the Settlement Class, a fairness hearing, and this Court's approval.  Before scheduling a fairness hearing and ordering notice to the Settlement Class, this Court must be presented with a settlement that warrants implementing Rule 23(e) procedures.  The purpose of obtaining preliminary approval "is to ascertain whether there is any reason to notify the class members of the proposed settlement and proceed with the fairness hearing."  Armstrong v. Bd. of School Directors, 616 F.2d 305, 314 (7th Cir. 1980).

In determining whether to preliminarily approve a class action settlement, the court assesses whether there is "probable cause" to provide notice and hold a fairness hearing.  In re Mid-Atlantic Toyota Antitrust Litig., 564 F.Supp. 1379, 1385 (D.Md. 1983).  An inquiry into the ultimate fairness of the Settlement is not necessary at this point, since there will be a further hearing at which the fairness of the Settlement will be addressed, after notice to the Settlement Class.  Consequently, even if there are aspects of a proposed class action settlement that raise questions, they "should not derail the orderly workings of the settlement process at this point."  Id. at 1386.  Preliminary approval should be denied only if there are apparent grounds to doubt the fairness of the settlement, or other "obvious deficiencies," none of which exist here, as discussed below.  Manuel for Complex Litig., §30.41 (3d ed. 1993).  See also H. Newberg,

Newberg on Class Actions, §11.25 at 11-37 (3d ed. 1993) (settlement should be preliminarily approved as long as it is within the range of possible judicial approval).

**B.     The Terms of the Settlement**

Since the filing of the Complaint and Amended Complaint, the Plaintiffs and Sanchez and M. Sanchez have worked to resolve this matter.  The Settlement Agreement reflects that Sanchez and M. Sanchez agree to: file W-2 forms or amended W-2 forms with the government for the class representatives and class members who were employed by them between August 1997 and November 2001, inclusive and who request such filing; provide to counsel for the Plaintiffs any and all records in their possession, custody or control relating to their work for or services they have provided to Mecca between 1997 through 2001, inclusive; and assign to the Plaintiffs any and all sums held in trust or otherwise due and owing to them by Mecca Farms, Inc. ("Mecca") for services provided prior to June 1, 2002.  In exchange, the Plaintiffs and putative Class members agree to voluntarily waive, release, and forever discharge Sanchez and M. Sanchez for the claims alleged in the Amended Complaint.

The Settlement, which was reached after extensive arms-length negotiations between counsel with the duty of vigorously representing their clients, clearly meets the standard for preliminary approval.  The dollar amount is, in and of itself, sufficient to meet the low threshold requirement for preliminary approval.


**C.     The Settlement Should be Preliminarily Approved as Fair, Reasonable, and Adequate**

Judicial approval of class action settlements requires a two-step process.  In the first step, the court makes a preliminary decision as to whether the settlement falls "within the range of

4

possible judicial approval." H.Newberg, Newberg on Class Actions, §11.25 at 11-37 (3d ed. 1993). Once the settlement is found to be within the range of possible approval, a final approval hearing is scheduled and notice is provided to the class. Id. The second step involves final determination, following a hearing at which pertinent evidence and any objections by Class members may be considered, whether the settlement is fair, reasonable, and adequate from the standpoint of the class. Id. at §11.41. On the instant Motion, the Court is presented with the initial matter of preliminarily evaluating the Settlement.

In Warren v. City of Tampa, 693 F.Supp. 1051, 1054 (M.D. Fla. 1988), aff'd, 893 F.2d 347 (11th Cir. 1989), the district court described its review of class action settlements as follows:

> The Court initially recognizes the principle that settlements are highly favored in the law. Miller v. Republic Nat'l Life Ins. Co., 559 F.2d 426 (5th Cir. 1977). The Court is required to make a two part determination that: 1) there is no fraud or collusion in reaching settlement, and 2) the settlement is fair, adequate, and reasonable. Accord Benett v. Behring Corp., 737 F.2d 983 (11th Cir. 1984). The evaluation of whether a settlement is fair, reasonable and adequate is committed to the sound discretion of the trial court.

Id. at 987. See also Ex Parte First National Bank of Jasper, 1997 Ala. Lexis 475 at *7-8 (Ala. 1997) (Settlement classes "promote the strong policy favoring settlements.").

In making this determination, the trial court is entitled to rely upon the judgment of experienced counsel for the parties. Behrens v. Wometco, 118 F.R.D. 534,538 (S.D. Fla. 1988), aff'd, 899 F.2d 21 (11th Cir. 1990). Moreover, there is a strong initial presumption that the compromise is fair and reasonable. In re Chicken Antitrust Litig., 560 F.Supp. 998 (N.D. Ga. 1980), aff'd, 669 F.2d 228, 238. Accordingly, courts exercise restraint in examining proposed settlements and recognize that settlements, by definition, are compromises that need not satisfy every concern of the parties but may fall anywhere within a broad range of upper and lower

limits.

In lieu of a more extended inquiry into the claims asserted, courts have concentrated on the negotiating process by which the settlement was reached. Weinberger v. Kendrick, 698 F.2d 61, 74 (2d Cir. 1982), corrected on other grounds on reh'g, [1982-1983 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶90,074 (2d Cir.), cert. denied, 464 U.S. 818 (1983). The courts insist that a settlement be the result of "arm's length negotiations" effected by counsel possessing the "experience and ability . . . necessary to effective representation of the class' interests." Weinberger, 698 F.2d at 74 (citation omitted). Once counsel's experience is established, courts give such counsel's "opinion . . . supporting the settlement . . . 'considerable weight.'" In re Saxon Sec. Litig., [1985-1986 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶92,414 at 92,525 (S.D.N.Y. 1985). This is done because courts recognize that "the parties' counsel are best able to weigh the relative strengths and weaknesses of their arguments." Id.

As discussed above, the Settlement was reached after extensive arms-length negotiations between counsel. As in the litigation itself, both sides aggressively presented their positions, and the negotiations required continuous efforts over a number of months to bear fruit. There was nothing collusive about any of the settlement negotiations or the ultimate agreement reached. The Settlement Agreement is fully supported and recommended by counsel for all parties. There are no terms in the Settlement that militate against preliminary approval.

The value of the settlement is enhanced by the fact that it will be provided to Class members now, without the delay, burden, and risks of continued litigation. Once this Court approves the Settlement Agreement, this litigation should be concluded, with the exception of the filing of the necessary W-2 forms for the specified Class members.

**D.      Conclusion**

For the reasons set forth above, the Plaintiffs and Sanchez and M. Sanchez respectfully request that this Court grant preliminary approval of the Settlement, preliminarily certify a settlement class, and direct that Notice and Settlement Agreement be published in the forms submitted with the Settlement Agreement in anticipation of a final fairness hearing to be held by the Court, at which time the Court will determine whether the Settlement is fair, reasonable, and adequate, and in the best interests of the putative Class.

Dated this ___ day of March, 2003.


Respectfully submitted,


Cathleen D. Caron
Florida Bar No. 0468266
Gregory S. Schell
Florida Bar No. 287199
Lillian Hirales
Florida Bar No.  533777
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, FL 33460
Telephone: (561) 582-3921
Facsimile: (561) 582-4884
Email: cathleen@floridalegal.org
Email: greg@floridalegal.org
Email: lillian@floridalegal.org

Attorneys for Plaintiffs

7

Don R. Boswell, Esq.
Akers & Boswell, P.A.
2875 South Ocean Boulevard, Suite 200
Palm Beach, FL 33480
Facsimile: 561-547-3955

Attorney for Maria T. Sanchez and
M. Sanchez & Son, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been delivered via U.S. mail, postage pre-paid, to Henry Wulf, Esq., Carlton Fields, 222 Lakeview Avenue, Suite 1400, West Palm Beach, FL 33401-6149, on the _13th_ day of March, 2003.

Cathleen Caron

**EXHIBIT "A"**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

Case No. 01-9013-CIV.-RYSKAMP
Magistrate Judge Vitunac

Luz-Carranza, et. al.,
individually and on behalf of
all others similarly situated,

      Plaintiffs,

vs.

Mecca Farms, Inc., et. al.,

      Defendants.

_____/

## ORDER ON MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANTS MARIA T. SANCHEZ AND M. SANCHEZ & SON, INC.

This cause having come before this Court on the joint motion of Plaintiffs and

Defendants Maria T. Sanchez and M. Sanchez & Son, Inc. (hereafter "Sanchez" and "M.

Sanchez" respectively) for the entry of an order relating to the settlement of this action between

said parties; the Plaintiffs maintaining that individually and as class representatives that they

would ultimately prevail on all issues in this action, but deeming the proposed settlement set

forth in the Settlement Agreement filed with the motion as Exhibit "F" to be in the best interest

of themselves and the class and consenting to the entry of the following order; Sanchez and M.

Sanchez deny all liability and maintaining that it would ultimately prevail on all issues in this

action, but deeming said settlement to be in their best interest and consenting to the entry of this

order; and the Court being fully advised in the premises and approving the procedures set forth

herein;

IT IS HEREBY ORDERED that:

The Settlement Agreement executed by the aforementioned parties is hereby tentatively approved, based on this Court's finding that there has been a showing that the Settlement is fair, reasonable, and sufficient to warrant submitting it to the class, and that the Settlement was reached by extensive arms-length negotiations between counsel for the aforementioned parties.

IT IS FURTHER ORDERED that:

1.  The parties shall take all actions required by the Settlement and those relating to the consummation of said Settlement.

2.  The class is hereby certified for purposes of the Settlement only, as follows: All migrant and seasonal agricultural workers furnished to Mecca Farms, Inc. by M. Sanchez & Son, Inc., Maria T. Sanchez, or Rogerio T. Rodriguez from August 1997 through November 2001, inclusive.

3.  The class will be notified of the Proposed Settlement as follows:

    (a)   The forms of class notice which are attached as Exhibits "B-E" are approved by the Court.  Plaintiffs' counsel will publish the notices as set forth in the Settlement Agreement.

    (b)   Plaintiffs' counsel is authorized to respond to inquiries from Class members concerning the Proposed Settlement.

    (c)   The Court finds that the notices provided constitute the best notice to the Class practicable under the circumstances, comports with due process, and is due and

2

sufficient notice for all purposes to all persons entitled to such notice.

4. The settlement notice will give all Class members the choice of opting out of the class or remaining in the class. The settlement notice will also explain the manner in which the Class members may make a claim and the consequences of neither opting out nor making a claim.

IT IS FURTHER ORDERED that:

1. A hearing shall be held on April 1, 2003 at 9:00 A.M., jointly with the Fairness Hearing on the Plaintiffs' settlement agreement with Defendant Mecca in the same matter, to determine the lawfulness, reasonableness, adequacy, and fairness of the proposed settlement, and whether judgment should be entered as provided in the Settlement Agreement.

2. Any member of the Class who objects to the approval of the Proposed Settlement or to the judgment to be entered thereon, may appear at the aforesaid hearing and show cause why the Proposed Settlement should not be approved as fair, reasonable, and adequate, and why judgment should not be entered thereon in accordance to the procedures described in the Settlement Agreement.

DONE AND ORDERED in Chambers in West Palm Beach, Florida, this _____ day of _____ 2003.

_____
KENNETH L. RYSKAMP
United States District Judge

copies furnished to:
counsel of record

3

Cathleen Caron, Esq.
Lillian Hirales, Esq.
Gregory S. Schell, Esq.
Attorneys for Plaintiff
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, FL 33460
Facsimile: (561)-582-4884


Joseph Ianno, Jr.
Henry S. Wulf, Esq.
Carlton Fields, P.a.
222 Lakeview Avenue, Suite 1400
West Palm Beach, FL 33401-6149
Facsimile: (561) 659-7368


Don R. Boswell
Akers & Boswell, P.A.
2875 South Ocean Boulevard, Suite 200
Palm Beach, FL 33480
Facsimile: 561-547-3955

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

Case No. 01-9013-CIV.-RYSKAMP
Magistrate Judge Vitunac

Luz-Carranza, et. al.,
individually and on behalf of
all others similarly situated,

      Plaintiffs,

vs.

Mecca Farms, Inc., et. al.,

      Defendants.

_____/

**SUMMARY NOTICE OF PENDENCY OF ACTION,
CLASS ACTION NOTICE, PROPOSED SETTLEMENT OF CLASS ACTION,
AND SETTLEMENT HEARING**

**ATTENTION:   ALL PERSONS WHO HAVE WORKED WITH THE FARM
LABOR CONTRACTORS ROY RODRIGUEZ, MARIA SANCHEZ, OR M.
SANCHEZ & SON, INC.   PLANTING, CULTIVATING, OR HARVESTING
VEGETABLES BETWEEN AUGUST 1, 1997 AND NOVEMBER 19, 2001.**

1. What is this Notice about?

This Notice is an official court notice to let you know about a "class action" lawsuit in
which you may be a class member if you have worked in the agricultural operations of
Mecca Farms, Inc. with the contractors Roy Rodriguez, Maria Sanchez, or M. Sanchez &
Son, Inc. between August 1, 1997 and November 19, 2001. It also describes a proposed
settlement of the lawsuit and how you may claim your share of the settlement. If you do
not think the settlement is fair, you can object, and this Notice will tell you how to make
such an objection. Finally, it also informs you of your rights if you do not want to be a
member of the class.

2. What is this "class action" lawsuit?

A "class action lawsuit" is a lawsuit in which a few people represent a large group of

1

people. They do that in an effort to resolve the similar legal claims of all the members of the group at one time. Here, 8 workers (Delma Luz Carranza, Francelia Hernandez, Virginia Perez, Carlos Ramos, Adolfo Perez, Gloria Roblero, David Matias, and Rafael Gonzalez), have petitioned the court to represent "migrant and seasonal agricultural workers furnished to Mecca Farms, Inc. by M. Sanchez & Son, Inc., Maria T. Sanchez, or Rogerio T. Rodriguez from August 1997 through November 2001, inclusive."

3. What is the lawsuit about?

The 8 workers who filed the lawsuit alleged that Mecca Farms, Inc. with the farm labor contractors Roy Rodriguez, Maria Sanchez, and M. Sanchez & Son, Inc. violated certain provisions of the federal Migrant and Seasonal Agricultural Worker Protection Act and the Fair Labor Standards Act. The lawsuit alleged that Mecca and the contractors failed to pay the workers the minimum wage ($5.15) for all the hours worked by, among other things, failing to pay for all the buckets of produce picked and making unlawful deductions from the workers pay from August 1997 through November 2001. In addition, the suit alleges that Mecca and the contractors failed to maintain accurate payroll records and did not provide the workers with correct information on their wage statements. The Court has not decided whether the workers are correct on these claims. Mecca and the contractors deny any liability for these claims and any wrongdoing.

4. What is the status of the lawsuit?

After negotiating, the workers, Mecca Farms, Inc., Roy Rodriguez, Maria Sanchez, and M. Sanchez & Son, Inc. agreed to a proposed settlement of the lawsuit. **Your rights could be affected by this settlement so you should read this Notice carefully to decide whether you want to be part of the class and you think the settlement is fair**.

5. Class Certified for Purposes of Settlement Only

Solely for the purposes of this settlement, Mecca and the contractors have consented to the certification of the class, as defined above. This means that the 8 workers that brought the suit are representing, in the settlement agreement, the interests of thousands of workers who worked on Mecca Farms' operations with crews headed by Roy Rodriguez, Maria Sanchez, and M. Sanchez & Son, Inc. between August 1997 and November 2001.

6. What are the terms of the proposed settlement?

If the Court approves the settlement that has been proposed, workers who file claims will share in an Unlimited Joint Class Settlement fund. The fund is a joint fund because there is another class action lawsuit being settled against Mecca Farms and the contractors who furnish workers to its packing house operations.

7. What will workers get under the settlement?

All workers who were employed by Roy Rodriguez, Maria Sanchez, or M. Sanchez &

Son, Inc., to work on the agricultural operations of Mecca between August 1997 through November 2001 will be eligible to share in the settlement fund. Each eligible worker will receive $5.00 per day for work in the fields. If there is verifiable proof that the social security (FICA) taxes were paid for every day worked, the claimant will receive 50% less per day than otherwise provided for.  The worker will also have provide identification and proof of employment with the Defendants.

8.  <u>Who else gets money from the settlement</u>?
In addition, Twenty Five Thousand Dollars ($25,000.00) will be donated to one or more non-profit social service agencies which serve farmworkers in Martin County or Palm Beach County.  Mecca Farms is also paying the Florida Legal Services Migrant Farmworker Justice Project, the lawyers for the workers in this case an additional $200,000.00 to pay the costs and fees they incurred to bring the two cases (for the field workers and the packing house workers).  The $200,000.00 is separate from and in addition to what the workers will receive.

9.  <u>What are my rights as a member of the "class"</u>?
As a member of the class, you have the right to receive money from the settlement.  By receiving the money you are also giving up your rights to bring a separate claim against Mecca Farms, Inc., Roy Rodriguez, Maria Sanchez, or M. Sanchez & Son, Inc. for having violated the specific rights which are alleged in the lawsuit during the time period of August 1997 through November 2001.

10.  <u>How do I make a claim as a class member</u>?

**TO CLAIM YOUR CLASS MONEY YOU MUST:**

**FILL OUT A CLAIM FORM BEFORE FEBRUARY 1, 2004.  TO OBTAIN A CLAIM FORM CALL FLORIDA LEGAL SERVICES FARMWORKER JUSTICE PROJECT AT 1-800-277-7447 OR GO TO ITS OFFICE AT 508 LUCERNE AVENUE, LAKE WORTH, FLORIDA 33460 MONDAY THROUGH FRIDAY BETWEEN 8:30 AM AND 5:00 PM.**

If you fail to make a claim and you do not "opt-out" as described in paragraph 11, you are giving up your rights to ever bring an action against Mecca Farms, Inc., Roy Rodriguez, Maria Sanchez, or M. Sanchez & Son, Inc. for the claims alleged in the lawsuit.

<u>11. How do I opt-out of this class action</u>?
If you do NOT want to participate in the class action, you have the right to be excluded from the class and not receive any money from the settlement.  If you choose to be excluded from the class, you will NEVER be able to make any claim for this settlement money; however, you may have the right to bring your own lawsuit against Mecca Farms, Inc., Roy Rodriguez, Maria Sanchez, or M. Sanchez & Son, Inc. within the time period allowed under the law for the claims alleged in the lawsuit. **You must opt-out before**

3

**July 1, 2003.** If you fail to opt-out by July 1, 2003, you are giving up your right to be excluded from the class, which means that you can not bring a separate law suit for the same claims alleged in the current law suit for the time period of August 1997 through November 2001. If you fail to opt-out you will be bound by the settlement agreement and are eligible to file a claim for the settlement money. To be excluded from the class action you must call the Florida Legal Services Farmworker Justice Project at 1-800-277-7447 or go to its office at 508 Lucerne Avenue, Lake Worth, Florida 33460 Monday through Friday between 8:30 PM and 5:00 PM to fill out a form stating your desire to be excluded from the class. If you choose to "opt-out" of the class action, you should consult a lawyer as to your rights.

12. <u>What if I think the settlement agreement is unfair?</u>
There will be a hearing before Judge Kenneth Ryskamp at_____on_____ , 2003, at the United States Courthouse, 701 Clematis Street, West Palm Beach, Florida 33401 to decide whether the settlement is fair, reasonable and adequate. If you want to object to the settlement you must file your objection with the Clerk of the Court before_____, 2003. If you do write the Clerk, at the United States Courthouse, 701 Clematis Street, West Palm Beach, Florida 33401, you should include in your letter the name of the case (<u>Carranza v. Mecca Farms, Inc.</u>) and the case number (01-9013). You must also send a copy of your objections to Henry Wulf, Esq., Carlton Fields, 222 Lakeview Avenue, Suite 1400, West Palm Beach, FL 33401, one of the attorneys for Mecca. This hearing will be your only opportunity to object to the terms of the settlement.

**You do <u>not</u> have to be present at the hearing to receive your class share of the settlement money. If you fill out the form claiming your share of the settlement, you will receive your class share, provided the settlement is approved.**

13. <u>For further information</u>:
If you have questions about the settlement, need help understanding this Notice, or wish to obtain a complete copy of the Settlement Agreement you can contact the lawyers for the workers who brought the lawsuit by writing or calling:

> **Florida Legal Services**
> **Migrant Farmworker Justice Project**
> **508 Lucerne Avenue**
> **Lake Worth, FL 33460**
> **Telephone: 1-800-277-7447**

**DO <u>NOT</u> CALL THE COURT OR THE CLERK OF THE COURT**

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.01-9096-Civ. Middlebrooks/Bandstra

Carmelina Martinez, <u>et al.</u>,
individually and on behalf of
all others similarly situated,

     Plaintiffs,

vs.

Mecca Farms, Inc., <u>et al.</u>,

     Defendants.

_____/

<u>**SUMMARY NOTICE OF PENDENCY OF ACTION,**</u>
<u>**CLASS ACTION DETERMINATION AND NOTICE,**</u>
<u>**PROPOSED SETTLEMENT OF CLASS ACTION, AND  SETTLEMENT HEARING**</u>

<u>**ATTENTION:**</u>  **ALL PERSONS WHO HAVE WORKED FOR MARIA MEDRANO OR CANDIDO MUNOZ IN PACKING HOUSES IN LANTANA, FLORIDA PACKING VEGETABLES BETWEEN OCTOBER 1, 1996 AND MARCH 1, 2002.**

1.  <u>What is this Notice about</u>?

This Notice is an official court notice to let you know about a "class action" lawsuit in which you may be a class member if you have worked in packing houses in Lantana, Florida for Maria Medrano or Candido Munoz packing vegetables between October 1, 1996 and March 1, 2002.  It also describes a proposed settlement of the lawsuit and how you may claim your share of the settlement. If you do not think the settlement is fair, you can object, and this Notice will tell you how to make such an objection. Finally, it also informs you of your rights if you do not want to be a member of the class.

2.  <u>What is this "class action" lawsuit</u>?

A "class action lawsuit" is a lawsuit in which a few people represent a large group of people.  They do that in an effort to resolve the similar legal claims of all the members of the group at one time. Here, the court has granted permission to 4 workers (Carmelina Martinez, Maria Ester Escobar

1

Torres, Maria Jose Alarcon, and Luis Roca), to represent two classes consisting of "all migrant agricultural workers employed or jointly employed by Defendant Mecca Farms, Inc., in Mecca Farms' tomato packing house from October 1996 through March 2002, inclusive" and "all migrant agricultural workers employed or jointly employed by Defendant Mecca Farms, Inc., in Mecca Farms' pepper packing house from October 1996 through March 2002, inclusive."

3.  What is the lawsuit about?

The 4 workers who filed the lawsuit alleged that Mecca Farms, Inc. with the farm labor contractors Maria Medrano, Medrano Harvesting & Packing, Inc., Candido Munoz, A-Z Grading & Packing, Inc., Candido Packing, Inc., and Candido Munoz, Inc. violated certain provisions of the federal Migrant and Seasonal Agricultural Worker Protection Act and the Fair Labor Standards Act. The lawsuit alleged that Mecca and the contractors failed to pay the workers the minimum wage ($5.15 and hour) for all the hours worked and overtime wages for the hours worked over forty hours in a work week from October 1996 through March 2002. In addition, the suit alleges that Mecca and the contractors failed to maintain accurate payroll records and did not provide the workers with correct information on their wage statements. The Court has not decided whether the workers are correct on these claims. Mecca and the contractors deny any liability for these claims and any wrongdoing.

4.  What is the status of the lawsuit?

After negotiating, the workers, Mecca Farms, Inc., Maria Medrano, Medrano Harvesting & Packing, Inc., Candido Munoz, A-Z Grading & Packing, Inc., Candido Packing, Inc., and Candido Munoz, Inc. agreed to a proposed settlement of the lawsuit. **Your rights could be affected by this settlement so you should read this Notice carefully to decide whether you want to be part of the class and you think the settlement is fair.**

5.  What are the terms of the proposed settlement?

If the Court approves the settlement that has been proposed, workers who file claims will share in an Unlimited Joint Class Settlement fund. The fund is a joint fund because there is another class action lawsuit being settled against Mecca Farms for the workers  who cultivated and harvested vegetables on Mecca's operations  with the contractors Roy Rodriguez, Maria Sanchez, and M. Sanchez & Son, Inc. between August 1, 1997 and November 19, 2001.

6.  What will workers get under the settlement?

All workers who were employed by  Maria Medrano, Medrano Harvesting & Packing, Inc., Candido Munoz, A-Z Grading & Packing, Inc., Candido Packing, Inc., or Candido Munoz, Inc. to work in Mecca Farms' packing houses between August 1997 and March 2002 may be eligible to share in the settlement fund. Each eligible worker will receive $4.00 per day for work in the Tomato Packing House and $3.00 per day for work in the Pepper Packing House. If there is verifiable proof that the social security (FICA) taxes were paid for every day worked, the claimant will receive 50% less per day than otherwise provided for. The worker will also have provide identification and proof of employment with the Defendants.

7. <u>Who else gets money from the settlement</u>?

In addition, Twenty Five Thousand Dollars ($25,000.00) will be donated to one or more non-profit social service agencies which serve farmworkers in Martin County or Palm Beach County. Mecca Farms is also paying the Florida Legal Services Migrant Farmworker Justice Project, the lawyers for the workers in this case an additional $200,000.00 to pay the costs and fees they incurred to bring the two cases (for the field workers and the packing house workers). The $200,000.00 is separate from and in addition to what the workers will receive.

8. <u>What are my rights as a member of the "class"</u>?

As a member of the class, you are eligible to receive money from the settlement. By receiving the money you are also giving up your rights to bring a separate claim against Mecca Farms, Inc., Maria Medrano, Medrano Harvesting & Packing, Inc., Candido Munoz, A-Z Grading & Packing, Inc., Candido Packing, Inc., or Candido Munoz, Inc. for having violated the specific laws which are alleged in the lawsuit during the time period from October 1996 through March 2002.

9. <u>How do I make a claim as a class member</u>?

**TO CLAIM YOUR CLASS MONEY YOU MUST:**

**<u>FILL OUT A CLAIM FORM BEFORE FEBRUARY 1, 2004</u>. TO OBTAIN A CLAIM FORM CALL FLORIDA LEGAL SERVICES FARMWORKER JUSTICE PROJECT AT 1-800-277-7447 OR GO TO ITS OFFICE AT 508 LUCERNE AVENUE, LAKE WORTH, FLORIDA 33460 MONDAY THROUGH FRIDAY BETWEEN 8:30 AM AND 5:00 PM.**

If you fail to make a claim and you do not "opt-out" as described in paragraph 10, you are giving up your rights to ever bring an action against Mecca Farms, Inc., Maria Medrano, Medrano Harvesting & Packing, Inc., Candido Munoz, A-Z Grading & Packing, Inc., Candido Packing, Inc., or Candido Munoz, Inc. for the claims alleged in the lawsuit which occurred between October 1996 through March 2002.

10. <u>How do I opt-out of this class action</u>?
If you do NOT want to participate in the class action, you have the right to be excluded from the class and not receive any money from the settlement. If you choose to be excluded from the class, you will NEVER be able to make any claim for this settlement money; however, you may have the right to bring your own lawsuit against Mecca Farms, Inc., Maria Medrano, Medrano Harvesting & Packing, Inc., Candido Munoz, A-Z Grading & Packing, Inc., Candido Packing, Inc., or Candido Munoz, Inc. within the time period allowed under the law for the claims alleged in the lawsuit. **If you decide to opt-out, you must do so before July 1, 2003.** If you fail to opt-out by July 1, 2003, you are giving up your right to be excluded from the class, which means that you can not bring a separate law suit for the same claims alleged in the current law suit for the time period of October 1996 through March 2002. If you fail to opt-out you will be bound by the settlement agreement and are eligible to file a claim for the settlement money. To be excluded from the class action you must call the Florida Legal Services Farmworker Justice Project at 1-800-277-7447 or go to its office at

508 Lucerne Avenue, Lake Worth, Florida 33460 Monday through Friday between 8:30 PM and 5:00 PM to fill out a form stating your desire to be excluded from the class.  If you choose to "opt-out" of the class action, you should consult a lawyer as to your rights.

11. <u>What if I think the settlement agreement is unfair</u>?
There will be a hearing before Judge Donald Middlebrooks at_____on_____ , 2003, at the United States Courthouse, 701 Clematis Street, West Palm Beach, Florida 33401 to decide whether the settlement is fair, reasonable and adequate.  If you want to object to the settlement you must file your objection with the Clerk of the Court before_____, 2003.  If you do write the Clerk at the United States Courthouse, 701 Clematis Street, West Palm Beach, Florida  33401, you should include in your letter the name of the case (<u>Martinez v. Mecca Farms, Inc.</u>) and the case number (01-9096).  You must also send a copy of your objections to Henry Wulf, Esq., Carlton Fields, 222 Lakeview Avenue, Suite 1400, West Palm Beach, FL 33401, one of the attorneys for Mecca.  This hearing will be your only opportunity to object to the terms of the settlement.

**You do <u>not</u> have to be present at the hearing to receive your class share of the settlement money.  If you fill out the form claiming your share of the settlement, you will receive your class share, provided the settlement is approved.**

12. <u>For further information</u>:
If you have questions about the settlement, need help understanding this Notice, or wish to obtain a complete copy of the Settlement Agreement you can contact the lawyers for the workers who brought the lawsuit by writing or calling:
        **Florida Legal Services**
        **Migrant Farmworker Justice Project**
        **508 Lucerne Avenue**
        **Lake Worth, FL 33460**
        **Telephone: 1-800-277-7447**

**DO <u>NOT</u> CALL THE COURT OR THE CLERK OF THE COURT**

**EXHIBIT D**

FIELD CLASS RADIO NOTICE - <u>Carranza v. Mecca Farms, Inc</u>


Attention all persons who have worked in the fields with the contractors Roy Rodriguez, Maria Sanchez, or M. Sanchez & Son, Inc..  If you worked cultivating and harvesting vegetables between 1997 and 2001 you may be eligible to claim money in a lawsuit filed against the contractors and the farm.

In the lawsuit, the workers are claiming that they were not paid the minimum wage because, among other things, they were not paid for all the buckets of produce they picked and were subject to unlawful deductions.

If you want to claim money from this case against Roy Rodriguez, Maria Sanchez, and the farm where they worked, call Florida Legal Services at 1-800-277-7447 or go to its office at 508 Lucerne Avenue, Lake Worth, Florida.  You should also contact Florida Legal Services at 1-800-277-7447 if you want to know more about the settlement or do not want to be part of the case. The call, 1-800-277-7447, is toll free.

**EXHIBIT E**

PACKING HOUSE CLASS RADIO NOTICE - Martinez v. Mecca Farms, Inc.

Attention all persons who have worked for Maria Medrano and Candido Munoz in packing houses in Lantana, Florida between 1997 and 2002; you may be eligible to claim money in a lawsuit filed against the company.  The packing house workers are claiming that they were not paid for all the hours worked or for overtime pay.

If you want to claim money from this case against Maria Medrano and Candido Munoz for packing vegetables at packing houses in Lantana, Florida, call Florida Legal Services at 1-800-277-7447 or go to its office at 508 Lucerne Avenue, Lake Worth, Florida.  You should also contact Florida Legal Services at 1-800-277-7447 if you want to know more about the settlement or do not want to be part of the case. The call, 1-800-277-7447, is toll free.

EXHIBIT "F"

## SETTLEMENT AGREEMENT WITH PLAINTIFFS AND DEFENDANTS M. SANCHEZ & SON, INC. AND MARIA T. SANCHEZ

WHEREAS Delma Luz-Carranza, Francelia Hernandez, Virginia Perez, Carlos Ramos, Adolfo Perez, Gloria Roblero , David Matias, and Rafael Gonzalez (hereafter "the Plaintiffs") have filed this action against, among others, Defendants Maria T. Sanchez and M. Sanchez & Son, Inc. (hereafter "Sanchez" and "M. Sanchez" respectively), alleging violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801, et seq., and the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206(a), during the period between 1997 through 2001, inclusive, and

WHEREAS, the Plaintiffs and Sanchez and M. Sanchez desire to amicably and completely resolve the disputes between them without additional delay, expense and litigation, and

WHEREAS, the Plaintiffs and Sanchez and M. Sanchez are satisfied that the terms and conditions of this Settlement Agreement set forth hereafter are fair, reasonable and adequate,

NOW, THEREFORE, it is stipulated and agreed by and between the Plaintiffs and Sanchez and M. Sanchez as follows:

1. Consideration for Settlement.    Sanchez and M. Sanchez agree to the following conditions and terms as settlement of this matter:

A.    Assignment of sums held by Mecca Farms, Inc.    Sanchez and M. Sanchez agree to assign to the Plaintiffs any and all sums held in trust or otherwise due and owing to them by Mecca Farms, Inc. ("Mecca") for services provided prior to

-1-

June 1, 2002.  These sums shall be used to pay damages to the Plaintiffs and the members of the putative class, in amounts in accordance with the settlement terms in the Joint Settlement Agreement with Mecca.

B.      Provision of records.      Sanchez and M. Sanchez agree to provide to counsel for the Plaintiffs any and all records in their possession, custody or control relating to his work for or services they have provided to Mecca between 1997 through 2001, inclusive.  These documents shall be made available upon request by counsel for the Plaintiffs and are provided for use in establishing the claims of the Plaintiffs and the members of the class in this litigation.   Upon conclusion of the Claims Period, as defined in the Joint Settlement Agreement with Mecca, these records shall be returned to Sanchez and M. Sanchez.

C.      Social Security Taxes.  Sanchez and M. Sanchez agree to file W-2 forms or amended W-2 forms with the government for the class representatives and class members who were employed by them between August 1997 and November 2001, inclusive and who request such filing.  Plaintiffs' counsel will identify the individuals who require the W-2 forms or amended W-2 forms to be filed and provide the appropriate information to Sanchez and M. Sanchez who shall then file the W-2s and remit evidence of such to Plaintiffs' counsel.

2. Waiver and Release.  In consideration of the performance of the obligations set out in Paragraph 1 of this Settlement Agreement, the Plaintiffs hereby agree to dismiss with prejudice all claims presently pending against Sanchez and M. Sanchez in this action. This dismissal is based on the information gathered in the course of this litigation regarding Sanchez and M.

Sanchez's status under the Migrant and Seasonal Agricultural Worker Protection Act and the Fair Labor Standards Act, their assets, their culpability under the AWPA and the FLSA and the culpability, assets and liability of the other Defendants in this action.

3. <u>Costs and Attorney's Fees.</u>  The parties to this Settlement Agreement shall bear their own costs and attorney's fees.

4. <u>Enforcement of Agreement.</u>  The parties to this Settlement Agreement agree to take all steps necessary to fully consummate all provisions of this Settlement Agreement.  Should any party fail to materially comply with the provisions of this Settlement Agreement, that party shall be responsible for the costs incurred in enforcement of this Settlement Agreement, including a reasonable attorney's fee.  Prior to undertaking any such enforcement action pursuant to this paragraph, the party seeking enforcement shall provide at least 20 days written notice to counsel for the opposing party, so as to permit the party to cure any breach.

5. <u>Authorization.</u>  Counsel for the Plaintiffs represents that they are authorized, as their counsel and agent for purposes of this matter, to enter into this Settlement Agreement on behalf of the Plaintiffs.

6. <u>Approval of Settlement.</u>  After the combined Fairness Hearing on this settlement and the Joint Settlement Agreement with Mecca, currently scheduled for April 1, 2003, Plaintiffs shall move to dismiss with prejudice this action against Sanchez and M. Sanchez.  If the Court does not approve this settlement, it shall be considered null and void, and the parties shall be returned to the positions they held in this matter prior to this agreement.

IN WITNESS WHEREOF, the parties by their counsel have signed this Settlement

Agreement.

Dated this ____ day of March 2003

_____
Maria T. Sanchez
Individually and as
President of
M. Sanchez & Son, Inc

_____
Don R. Boswell, Esq.
Akers & Boswell, P.A.
2875 South Ocean Boulevard, Suite 200
Palm Beach, FL 33480
Facsimile: 561-547-3955

Attorney for Maria T. Sanchez
and M. Sanchez & Son, Inc.

_____
Cathleen D. Caron
Florida Bar No. 0468266
Gregory S. Schell
Florida Bar No. 287199
Lillian Hirales
Florida Bar No. 533777
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, FL 33460
Telephone: (561) 582-3921
Facsimile: (561) 582-4884
Email: cathleen@floridalegal.org
Email: greg@floridalegal.org
Email: lillian@floridalegal.org

Attorneys for Plaintiffs

-4-